## Richmond

JOHNNIE EDWARD ESTES v. COMMONWEALTH OF VIRGINIA.

June 14, 1971.

Record No. 7510.

Present, Snead, C.J., I'Anson, Gordon, Harrison, Cochran and Harman, JJ.

*S. Page Higginbotham* (*N. Brent Higginbotham; Higginbotham & Fry*, on brief), for plaintiff in error.

*Robert L. Simpson, Jr., Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Per Curiam.

In this case, Johnnie Edward Estes, the defendant, was declared by the trial court to be an habitual offender under the Virginia Habitual Offender Act (Code §§ 46.1-387.1 to 46.1-387.12), hereafter, the Act. This finding was based upon a conviction of driving under the influence in 1964 and convictions of driving under the influence and driving on a suspended license in 1968. The question involved here is whether the two 1968 convictions, having resulted from offenses occurring at the same time, arose "out of separate acts" within the meaning of Code § 46.1-387.2 and count as second and third convictions of the defendant, thereby constituting him an habitual offender.

Under Code § 46.1-387.2, an habitual offender is defined, so far as is pertinent here, as one who, within a ten-year period, accumulates:

"(a) Three or more convictions . . . singularly or in combination, of the following separate and distinct offenses arising out of separate acts:

\* \* \*

"(2) Driving or operating a motor vehicle while under the influence of intoxicants or drugs. . . .

\* \* \*

"(4) Driving a motor vehicle while his license, permit or privilege to drive a motor vehicle has been suspended or revoked. . . ."

The defendant contends that his two 1968 convictions arose out of but one act of driving and did not, therefore, result from "separate acts" as contemplated by Code § 46.1-387.2. Thus, he says, the two 1968 convictions should count as only one in determining whether he is an habitual offender. We do not agree.

We think the question before us is resolved by the interpretation we have given to a similar provision in a related statute, Code § 19.1-259 (formerly Code § 19-232). That provision is as follows:

". . . If the same act be a violation of two or more statutes . . . conviction under one of such statutes . . . shall be a bar to a prosecution or proceeding under the other or others. . . ."

We have held that under this provision one occasion of driving an automobile may give rise to several acts and offenses and that the test of whether there are separate acts sustaining several offenses "is whether the same evidence is required to sustain them." *Hundley* v. *Commonwealth*, 193 Va. 449, 451, 69 S.E.2d 336, 337 (1952).

Relating this test to the present case, it is clear that the defendant's 1968 conviction of driving under the influence was not barred, under Code § 19.1-259, by his contemporaneous conviction of driving on a suspended license, or vice versa. This is so because the defendant could have been convicted of driving under the influence without evidence of the suspension of his driver's license, and he could have been convicted of driving on a suspended license without evidence of his intoxication.

The force of our interpretation of Code § 19.1-259 carries over and controls the application of the Act to the defendant's situation. Since it was not the "same act" that gave rise to violation of the two statutes under which the defendant was convicted in 1968, it

follows that the two convictions arose "out of separate acts"—one out of the act of driving under the influence and the other out of the act of driving on a suspended license. Therefore, the convictions must be counted individually as second and third convictions, thereby constituting the defendant an habitual offender.

The judgment of the trial court will be affirmed.

*Affirmed.*