Billy Joe **LANDSBERGER, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

No. A–16249.

Court of Criminal Appeals of Oklahoma.

Dec. 29, 1971.

———◆———

An appeal from the District Court of Garfield County; Garland H. Hope, Judge.

Stephen Jones, Enid, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

## OPINION

SIMMS, Judge:

Billy Joe Landsberger, hereinafter referred to as defendant, was charged by complaint in the Municipal Court of the City of Enid with Public Drunk. He was tried by the court, found guilty, and sentenced to pay a fine of $20.00. Defendant then appealed to the District Court of Garfield County, where he was tried de novo to the district judge; found guilty, and assessed a fine of $20.00. From that judgment and sentence he has appealed to this Court.

Although this cause was filed in this Court in August of 1970, no brief has been filed within the time provided by law, nor a valid extension thereof. Therefore, on May 20, 1971, this cause was summarily submitted for opinion in accordance with the rules of this Court.

We have consistently held that where the defendant appeals from a judgment of conviction, and no briefs are filed in support of the petition in error, this Court will examine the records only for fundamental error. If none appear of record, the judgment will be affirmed. Enoch v. Oklahoma City, Okl.Cr., 444 P.2d 856.

An examination of the record indicates defendant was tried and convicted for the offenses of Driving While Under the Influence of Intoxicating Liquor and Public Drunk arising out of the same transaction. The defendant's petition in error does not raise the issue of either double jeopardy or the issue of multiple prosecutions arising from one factual situation.

We wish to readopt and reaffirm the law as pronounced in Stevison v. State, Okl.Cr., 449 P.2d 916, wherein this Court, while condemning "double rapping", held that the offenses of Public Drunk and

Driving While Under the Influence of Intoxicating Liquor are separate and distinct offenses, for the reason that the elements necessary to prove the offense of Public Drunk are not the elements necessary to prove the offenses of Driving While Under the Influence of Intoxicating Liquor.

An analogous ruling may be found in Estes v. Commonwealth, 1971, 212 Va. 23, 181 S.E.2d 622, wherein that court in applying the "same evidence" test for multiplicity of offenses, pointed out that the elements of proof for Drunk Driving offense were entirely different from the elements of proof in a prosecution of Driving without License While Under Suspension.

■ This Court has carefully examined the record and reviewed the testimony and petition in error in the instant case, and find no fundamental error. The record discloses that the defendant was afforded a fair and impartial trial, and the evidence was sufficient to support the verdict of the trial judge.

There being no apparent error in the record on appeal, it is the opinion of this Court that the judgment and sentence should be, and the same is, hereby affirmed.

BUSSEY, P. J., concurs.

BRETT, Judge (specially concurring):

Under ordinary circumstances I would object to what appears to be "double-rapping" as in this case; but under the circumstances of this case when the defendant, because of his intoxicated condition, became profanely abusive to the arresting officer he laid himself open for the second charge of public drunk. Therefore, I concur in this decision.