Richmond
CHRISTOPHER L. LASH
v.
COUNTY OF HENRICO
No. 1146-89-2
Decided October 29, 1991*

---

* Petition for rehearing granted December 5, 1991.

252

COUNSEL

J. Burkhardt Beale (Boone, Beale, Carpenter & Cosby, on briefs), for appellant.

Gary K. Aronhalt, Senior Trial Assistant for Henrico County (James S. Gilmore, III, Commonwealth's Attorney for Henrico County, on briefs), for appellee.

OPINION

KOONTZ, C.J.—In a bench trial on July 9, 1989, Christopher L. Lash, appellant, pursuant to Henrico County Ordinance 14-2, was convicted of reckless driving with intent to elude a police officer in accordance with former Code § 46.1-192.1 (now Code § 46.2-817) and reckless driving in accordance with former Code § 46.1-189 (now Code § 46.2-852).[1] For the offense of eluding a police

---

[1] Subsequent to Lash's trial, in *Shaw v. Commonwealth*, 9 Va. App. 331, 387 S.E.2d 792 (1990), we held that the offense of eluding a police officer pursuant to now Code § 46.2-817 was not reckless driving following the 1984 amendment to Code § 46.1-192.1. Lash does not challenge that the Henrico County ordinance properly incorporates Code §§ 46.2-817 and 46.2-852. Accordingly, for purposes of this opinion we will hereafter refer to the offenses for which Lash was convicted as (1) eluding a police officer and (2) reckless driving.

officer, the trial court imposed a sentence of six months in jail, a fine of $500, and a suspension of Lash's license for six months. For the offense of reckless driving, the trial court imposed a sentence of three months in jail and a fine of $250, all of which was suspended. On appeal, Lash concedes he is guilty of one of these offenses. He contends, however, that his driving constituted one "act" and, therefore, pursuant to Code § 19.2-294, he may not be convicted of both offenses. We hold that Code § 19.2-294 is applicable to multiple convictions obtained in a single trial, as well as to multiple convictions obtained in consecutive trials, and that Lash's driving constituted one act as contemplated by this Code section. Accordingly, we reverse.

The essential facts which formed the basis of Lash's convictions are not in dispute. On March 9, 1989, Henrico County Police Officer Counts stopped Lash and issued him a summons for driving on two defective tires and a summons for failing to have a front license plate. Officer Counts also informed Lash that the automobile was unsafe and that Lash would have to park it. In response, Lash told Officer Counts that Counts could not tell him what to do. Lash then ran back to his vehicle and drove away, accelerating at such a rate of speed that the vehicle left sixty to seventy feet of tire marks on the highway.

Officer Counts immediately entered his vehicle, turned on the siren and blue lights, and followed Lash at speeds of sixty to seventy miles per hour in a posted thirty-five miles per hour speed zone. Officer Counts was able to follow behind Lash as close as fifty yards and eventually followed Lash to a red stop signal at a major intersection, which Lash drove through and onto a supermarket parking lot. From the intersection traffic light, Officer Counts observed Lash drive through the parking lot at speeds of thirty to forty miles per hour. When Counts apprehended Lash, he cited Lash for the offense of eluding a police officer and the offense of reckless driving. Upon Lash's conviction of both offenses, this appeal followed.

On appeal, in his initial brief, Lash asserted that, pursuant to Code § 19.2-294, the trial court could not properly convict him of both eluding a police officer and general reckless driving. More specifically, Lash asserted that since his act of driving his vehicle was consistent from the time he sped away from the officer to the time the officer apprehended him, his driving constituted one act

and, therefore, the trial court could properly convict him of only one of the two offenses. In response, the County of Henrico, in its initial brief, contended that the manner in which Lash initially sped away from the officer and his subsequent conduct in eluding the officer by his failure to stop for the officer constituted two separate acts and, consequently, Code § 19.2-294 is not a bar to both convictions.

Subsequent to the filing of the initial briefs, by order entered in this Court, we directed the parties to file additional briefs addressing the applicability of Code § 19.2-294 to multiple convictions obtained in a single trial for separate offenses arising from the same act. In response to our order, the County contends that Code § 19.2-294 is applicable only to consecutive prosecutions. Lash contends that this Code section is applicable both to multiple convictions obtained in a single trial and to multiple convictions obtained in consecutive trials.

We begin our analysis of these issues with a brief review of Code § 19.2-294, a closely related statute, Code § 19.2-294.1, and the principal prior cases which have interpreted and applied these Code sections. In pertinent part, Code § 19.2-294 provides: "If the *same act* be a violation of two or more statutes, . . . , *conviction* under one of such statutes . . . *shall be a bar to a prosecution or proceeding under the other or others*" (emphasis added).

In *Arrington v. Commonwealth*, 87 Va. 96, 12 S.E. 224 (1890), the Supreme Court upheld the defendant's conviction for the sale of ardent spirits without a license following her prior conviction for the sale of the identical ardent spirits on Sunday. The Court upheld the conviction on the ground that one act violated two separate statutes. In response to this decision, the General Assembly enacted the original version of Code § 19.2-294, which provided, in pertinent part: "If the same act be a violation of two or more statutes, . . . a *prosecution or proceeding* under one . . . shall be a bar to a prosecution under the other or others" (emphasis added). This Code section was subsequently amended, to its present language, by the substitution of the word "conviction" for the phrase "a prosecution or proceeding." In *Owens v. Commonwealth*, 129 Va. 757, 105 S.E. 531 (1921), the Court held that, as a result of this amendment, a mere prosecution or proceeding involving the same act which does not result in a conviction does not

bar another prosecution. *Id.* at 759, 105 S.E. at 532.

Approximately thirty years later, in *Wheeler v. Commonwealth*, 192 Va. 665, 66 S.E.2d 605 (1951), the defendant was convicted in a single trial for felony manufacture of illegal alcohol, misdemeanor possession of a still, and misdemeanor possession of illegal alcohol. The defendant previously had been convicted for the sale of the identical illegal alcohol. Pursuant to the predecessor to Code § 19.2-294, the Court held that the prior conviction for the sale of the identical alcohol barred a subsequent conviction for the possession of that alcohol. The Court further held that possession of the still was a lesser-included offense of the felony of illegal manufacture of alcohol involving the same still and, therefore, the predecessor to Code § 19.2-294 was a bar to the conviction of both offenses. The Court then concluded that the Commonwealth could elect to prosecute the greater of the two offenses, and dismissed the misdemeanor conviction. *Id.* at 669, 66 S.E.2d at 607.

Following *Wheeler*, in *Hundley v. Commonwealth*, 193 Va. 449, 69 S.E.2d 336 (1952), a case involving a single trial, the Court held that the predecessor to Code § 19.2-294 was not a bar to convictions for driving while under the influence of intoxicants and reckless driving arising from one occurrence of driving. In *Hundley*, the defendant was driving while intoxicated and drove his vehicle at excessive speeds around curves and in such a manner as to endanger the police officer who was attempting to stop him. The Court found that the evidence disclosed two separate acts resulting in the commission of two separate offenses and, consequently, the statute was not applicable. *Id.* at 451, 69 S.E.2d at 337. In reaching this conclusion, the Court noted:

> It is conceivable for a person under the influence of intoxicants to drive properly. Many people not under the influence of intoxicants drive recklessly. A test of the identity of *acts or offenses* is whether the same evidence is required to sustain them; if not, then the fact that several charges relate to and grow out of one transaction or occurrence does not make a single *act or offense* where two separate acts or offenses are defined by statute, as in the instant case.

*Id.* (emphasis added).

Subsequent to the *Hundley* decision, the General Assembly enacted Code § 19.2-294.1, which provides, in pertinent part: "Whenever any person is charged with [driving under the influence of alcohol or drugs] and reckless driving growing out of the same act *or acts* and is convicted of one of these charges, the court shall dismiss the remaining charge" (emphasis added).

In *Estes v. Commonwealth*, 212 Va. 23, 181 S.E.2d 622 (1971), a case involving a single trial, the Court held that the predecessor to Code § 19.2-294 was not a bar to convictions for driving under the influence and driving on a suspended license arising from the same occurrence of driving. The Court found that the defendant's driving constituted separate acts which supported his convictions of separate offenses because he could have been convicted of driving under the influence without evidence of the suspension of his license and vice versa. *Id.* at 24-25, 181 S.E.2d at 624.

In *Jones v. Commonwealth*, 218 Va. 757, 240 S.E.2d 658, *cert. denied*, 435 U.S. 909 (1978), the defendant was convicted in a single trial of robbery involving the larceny of money and grand larceny of an automobile arising from one incident at a motel. The Court held that the statute was not a bar to the multiple convictions because the defendant had committed two acts which constituted two offenses rather than "the same act" contemplated within the statute. *Id.* at 761, 240 S.E.2d at 662. The Court reached this conclusion by reasoning that the larceny of the victim's money was completed when it was taken from the victim inside the motel. The larceny of the victim's automobile occurred two hundred yards away in the parking lot of the motel. *Id.*

In *Jones*, the defendant also asserted a constitutional double jeopardy claim, contending that grand larceny was a lesser-included offense of robbery. The Court held that grand larceny is a lesser-included offense of robbery only when it is the theft expressly charged in the robbery indictment. *Id.* at 759-60, 240 S.E.2d at 660. In rejecting the defendant's constitutional claim, the Court distinguished its analysis of constitutional double jeopardy claims, which, at the time of the decision, involved the traditional test of whether one offense requires proof of a fact which another offense does not require as established in *Blockburger v. United States*, 284 U.S. 299 (1932), from its analysis of Code § 19.2-294 claims, which focuses on the identity of the conduct of the accused. "Thus, if the offenses are different and one is not the

lesser-included in the other, the constitutional guarantee [established in *Blockburger*] does not apply. If the acts are different, the statutory mandate [of Code § 19.2-294] does not apply." *Id.* at 760-61, 240 S.E.2d at 661.

In *Padgett v. Commonwealth*, 220 Va. 758, 263 S.E.2d 388 (1980), the defendant was charged with reckless driving in Lynchburg and driving while intoxicated in Bedford following a high speed chase by the police which began in the former jurisdiction and ended in the latter. The Court held that the defendant's conviction for the Lynchburg offense was a bar to his *subsequent conviction* for the Bedford offense pursuant to Code § 19.1-294.1. After noting that Code § 19.2-294.1 relates to matters of a penal nature, is remedial in nature, and must be construed strictly against the Commonwealth, the Court held the language, "same act or acts," means "the same act or acts of driving" and contemplates a continuous, uninterrupted course of operation of a motor vehicle. *Id.* at 761, 263 S.E.2d at 389-90. In contrast to *Hundley*, the Court in *Padgett* held that "the bar of Code § 19.1-294.1 encompasses offenses which, although separate and distinct, grow out of 'the same act or acts.'" *Id.*

In *Martin v. Commonwealth*, 221 Va. 720, 273 S.E.2d 778 (1981), a case involving a single trial, the Court determined that Code § 19.2-294 was not a bar to the defendant's convictions for robbery and petit larceny arising from the defendant's actions in one occurrence at a service station. The evidence established that the defendant threatened the service station attendant with a weapon and when the attendant dropped his money to the ground, the defendant picked it up. Upon the defendant's command, the attendant then went inside the station and unlocked a refrigerator which contained additional money, which the attendant handed to the defendant. *Id.* at 722, 273 S.E.2d at 779. The defendant was indicted for the robbery of the attendant and for larceny of money belonging to the owner of the service station. In addressing the statutory claim, the Court, applying the analysis found in *Jones*, held that two separate acts had occurred. The Court noted that, "[w]hile an argument based upon this statute 'is not exactly a defense of former jeopardy . . . it amounts to such a defense in purpose and desired effect.'" *Id.* at 724, 273 S.E.2d at 781 (citing *Epps v. Commonwealth*, 216 Va. 150, 155, 216 S.E.2d 64, 68 (1975)). The Court found that, based on the indictments which

identified two different victims, the defendant had completed one act of robbery of the attendant outside the station before he committed a separate act of larceny from a different victim inside the station.

Finally, in *Blythe v. Commonwealth*, 222 Va. 722, 284 S.E.2d 796 (1981), in a single trial, the defendant was convicted of voluntary manslaughter and also of unlawful wounding growing out of one occurrence. The defendant had stabbed the victim in the neck and chest and the victim died from those wounds. The Court rejected the defendant's constitutional and Code § 19.2-294 claims and upheld both convictions. With regard to Code § 19.2-294, the Court noted that this statute applies only where two or more statutory offenses are involved and because voluntary manslaughter is a common law offense and not a statutory offense, the statute was not applicable. *Id.* at 725, 284 S.E.2d at 797; *see also Martin v. Commonwealth*, 242 Va. 1, 406 S.E.2d 15 (1991).

In addition to these Supreme Court decisions, this Court has also addressed the interpretation and application of Code §§ 19.2-294 and 19.2-294.1. In *Shaw v. Commonwealth*, 9 Va. App. 331, 387 S.E.2d 792 (1990), a case involving a single trial, we held that Code § 19.2-294.1 was not a bar to convictions for eluding a police officer in violation of Code § 46.2-817 and for driving while intoxicated growing out of one occurrence of driving because the offense under Code § 46.2-817 is not reckless driving. In *Shaw*, we did not address whether both offenses arose from a single act. A Code § 19.2-294 claim was not asserted.

In *Wade v. Commonwealth*, 9 Va. App. 359, 388 S.E.2d 277 (1990), we addressed a Code § 19.2-294 claim. There, the defendant was first convicted of obstruction of justice for shooting a gun at a police officer, and subsequently was convicted of attempted capital murder for attempting to kill the same police officer for the purpose of interfering with the performance of his official duties. Both offenses arose from the same occurrence. We held that Code § 19.2-294 barred the *subsequent* conviction on the ground that the single act of firing a shot with the intent of interfering with the performance of the officer's duties was the "same act" relied upon to prove both offenses. *Id.* at 365, 388

S.E.2d at 380.[2] Thus, we noted that Code § 19.2-294 "speaks to 'acts' of the accused, not elements of the offense," and reversed the attempted capital murder conviction. *Id.*

## I.

With these decisions to guide us, we turn first to a determination of whether Code § 19.2-294 is applicable to multiple convictions obtained in a single trial, or is limited in application to cases where there is subsequent prosecution for the same act following an earlier conviction. For purposes of this discussion we assume, as we must, that the accused's conduct amounts to the "same act" which is a violation of two or more statutes as contemplated by Code § 19.2-294.

In support of its position that Code § 19.2-294 is not applicable to multiple convictions obtained in a single trial, the County of Henrico relies primarily upon the holding in *Hundley* and the legislative history of Code §§ 19.2-294 and 19.2-294.1. In *Hundley*, however, the Court found that the defendant's driving amounted to more than one act rather than the "same act." Such a determination would not have been necessary if the statute was not applicable to a single trial. Consequently, the County's reliance upon the Court's language that "[i]f a defendant is tried and *convicted* under one statute . . . for the violation of a prohibited act or offense and a prosecution is later instituted under another statute . . . which covers the same act or offense, then the first conviction, properly pleaded, would bar the prosecution," 193 Va. at 452, 69 S.E.2d at 338, is misplaced. The Court's conclusion concerning subsequent prosecutions does not exclude the statute's possible application to multiple convictions obtained in a single trial. The dispositive issue in *Hundley* was the determination that the "same act" was not the basis for the multiple convictions.

We are equally unpersuaded by the County's assertion that, because the General Assembly enacted Code § 19.2-294.1 rather than amending Code § 19.2-294 following the *Hundley* decision, the legislature intended to create a specific exception for reckless driving and driving under the influence cases growing out of one

---

[2] A divided panel of this Court has recently also addressed a Code § 19.2-294 claim in *Fitzgerald v. Commonwealth*, 11 Va. App. 625, 401 S.E.2d 208 (1991). We have granted a petition for rehearing *en banc* in that case and, accordingly, do not rely upon it for authority in this opinion.

occurrence of driving, and that this exception led to the holding in *Padgett*. In particular, the County argues that the specific words "charged" and "growing out of the same act or acts" in Code § 19.2-294.1 led to the decision in *Padgett*. While *Padgett* did not involve the application of Code § 19.2-294.1 to multiple convictions obtained in a single trial for two or more offenses but, rather, involved consecutive trials, the County's assertion assumes that Code § 19.2-294.1 is applicable to multiple convictions in a single trial for reckless driving and driving under the influence arising from one occurrence of driving. Thus, because the General Assembly enacted Code § 19.2-294.1 rather than amending Code § 19.2-294, the County concludes that Code § 19.2-294.1 is applicable to both multiple convictions obtained in a single trial and to consecutive or subsequent prosecutions, whereas Code § 19.2-294 is applicable only to consecutive or subsequent prosecutions and not to multiple convictions obtained in a single trial. We disagree. In our view, the County overlooks the considerable significance of the words "or acts" included within Code § 19.2-294.1, which are not included in Code § 19.2-294. The inclusion of the words "same act *or acts*" in Code § 19.2-294.1 (emphasis added) broadens the scope of this Code section over that of Code § 19.2-294, which is limited to multiple prosecutions for the "same act." Thus, in apparent response to *Hundley*, the legislature changed the focus from "the same act" in cases involving concurrent charges of reckless driving and driving under the influence arising from one occurrence to whether the offenses arose from one continuous, uninterrupted course of operation of a motor vehicle. With this focus, the "same act or acts" became "same act or acts of driving" as interpreted in *Padgett*. Thus, while the legislature has created an exception to Code § 19.2-294 by the enactment of Code § 19.2-294.1, neither this enactment nor the holding in *Padgett* supports a conclusion that Code § 19.2-294 is not applicable to a single trial for separate offenses arising from the "same act."

▮ Code § 19.2-294, by its terms, does not exclude the application to multiple convictions obtained in a single trial. It is true, of course, that the statute refers to a "conviction" being "a bar to a prosecution or proceeding" for another offense, thus giving rise to the argument that when multiple convictions are obtained in a single trial there would be no additional "prosecution or proceeding" following a conviction. This construction of the statute, we

believe, is too restrictive. "Because [Code § 19.2-294] relates to matters of a penal nature and is remedial in character, it must be construed strictly against the Commonwealth and favorably to the accused." *Padgett*, 220 Va. at 760-61, 263 S.E.2d at 389. Moreover, we are not at liberty to overlook the legislature's obvious careful choice of language in drafting the statute. Multiple criminal verdicts obtained in a single trial cannot occur simultaneously. When one conviction is obtained in a single trial for multiple offenses, necessarily there must be a further "proceeding" with respect to a second or subsequent offense. Thus, in such cases, there will always be a "conviction" creating a "bar" to any further "prosecution or proceedings" for the "same act." Moreover, in *Hundley*, *Estes*, *Jones* and *Martin*, the Supreme Court did not simply hold that Code § 19.2-294 was not applicable to multiple convictions obtained in a single trial, but based its decision instead on the issue whether the "same act" provision of this Code section was established. Implicit in these decisions, we believe, is the conclusion that Code § 19.2-294 is applicable to multiple convictions obtained in a single trial as well as to consecutive trials. We expressly so hold.

## II.

Having concluded that Code § 19.2-294 is applicable to this case, we turn now to Lash's assertion that the reckless driving of his vehicle so as to elude a police officer constituted "the same act" as his driving generally in a reckless manner. Many of the cases we have previously reviewed guide our resolution of this issue.

Initially, we note that Lash does not assert a constitutional double jeopardy bar that he was convicted of two identical offenses or of one offense that is a lesser-included of the other. However, the proper analysis of his statutory claim requires that we adhere to the distinction previously noted between *Blockburger* double jeopardy claims and issues arising under Code § 19.2-294. *See Jones*, 218 Va. at 757, 240 S.E.2d at 658. This distinction must be maintained even though, as noted in *Martin*, the statutory claim amounts to a defense of double jeopardy "in purpose and desired effect." 221 Va. at 724, 273 S.E.2d at 781. Thus, our analysis of the statutory claim is directed to the act of the accused, rather than the traditional *Blockburger* test of whether one offense requires proof of a fact which another offense does not re-

quire. *See Grady v. Corbin*, 110 S. Ct. 2084 (1990).

While the distinction between the *Blockburger* and statutory claims is clear, the *application* of the "same act" analysis in Code § 19.2-294 presents the risk of the inadvertent blurring of the two. A review of prior cases illustrates this point. In *Arrington*, the sale of the same alcohol on Sunday and without a license was one act that violated two separate statutes, but both convictions were upheld. The predecessor to Code § 19.2-294 was enacted to prevent the re-occurrence of that result. *See Owens v. Commonwealth*, 129 Va. 757, 105 S.E. 531 (1921). Subsequently, in *Wheeler*, the Court found the sale and possession of the identical alcohol were but one act and, consequently, held that the prior conviction for the sale of that alcohol barred a *subsequent* conviction for the possession of it.

Thereafter, in *Hundley*, the Court held that Code § 19.2-294 did not bar multiple convictions for driving under the influence and of reckless driving arising from one occurrence of driving. In *Hundley*, the defendant was driving while intoxicated and he also drove his vehicle in a reckless manner. The police officer testified that when he "started to pull up beside [the defendant] he cut very sharply over in front of me," 193 Va. at 451, 69 S.E.2d at 337, all while traveling at an excessive rate of speed. Thus, in *Hundley*, factually, two separate acts were established as well as two separate offenses. To the extent the *Hundley* decision contains language which refers to "where two separate *acts or offenses* are defined *by statute*" (emphasis added) there is a blurring of "acts" with "offenses." Thus, it is plausible to conclude that *Hundley* stands for the simple proposition that if the same evidence is used to sustain two offenses arising from the same transaction or occurrence, the offenses are identical; if the evidence establishes separate acts which support separate offenses, then, for purposes of Code § 19.2-294 claims, they are not the same act even though the acts arose from one transaction or occurrence. *Hundley* does not stand for the proposition that where the offenses are different, the act which supports each offense is necessarily different. Viewed in this context, *Hundley* does not resolve every factual occurrence of driving in which it is conceivable that one act might support both a driving under the influence and a reckless driving charge.

Code § 19.2-294.1, however, specifically resolves any questions left unanswered by *Hundley*. This Code section recognizes that driving under the influence and reckless driving are separate offenses and expands its bar past that of Code § 19.2-294 to include "act or acts" rather than "same act." Thus, in *Padgett*, the Court held that the language "same act or acts" means "the same act or acts of driving" and contemplates "a continuous, uninterrupted course of operation of a motor vehicle." 220 Va. at 761, 263 S.E.2d at 389-90. In contrast to *Hundley*, the Court in *Padgett* did not rely upon the same evidence test of the identity of offenses to establish the identity of the defendant's acts. Under such a test, the fact that the defendant committed offenses in different jurisdictions would have supported a conclusion that two separate acts of driving had occurred. Rather, the Court focused upon the conduct of the defendant and found that it constituted one continuous, uninterrupted act or acts of driving.

In *Martin*, following the analysis approved in *Jones* for Code § 19.2-294 claims, the Court determined that the defendant committed an act in the nature of an offense of robbery of one victim and a different act in the nature of an offense of larceny from another victim. The Court reached this conclusion even though both offenses occurred during one occurrence. While *Jones* and *Martin* involved Code § 19.2-294 claims and *Padgett* involved a Code § 19.2-294.1 claim, the same analysis was used in all three cases; that is, the Court focused on the conduct of the accused during one occurrence rather than a technical analysis of the elements of the statutory offenses. Viewed in this context, where the facts establish separate acts which constitute separate offenses, the statutory bar of Code § 19.2-294 is inapplicable. In contrast, when the facts establish only one continuous, uninterrupted act in place and time, the statute bars multiple convictions of statutory offenses growing out of that conduct.

*Blythe* is consistent with this view. There, the defendant stabbed the victim in the neck and chest and the victim died from the wounds. Arguably, one act of stabbing inflicted the neck wound and another separate act of stabbing inflicted the chest wound. However, while the Court held that Code § 19.2-294 was not applicable because voluntary manslaughter is not a statutory offense, it implicitly acknowledged that the "act" involved was the "single act of stabbing" for purposes of the statutory claim analy-

sis. In doing so, the Court necessarily focused on the conduct of the accused, at least to the extent it did not rest its resolution of the statutory claim on a conclusion that the infliction of two separate wounds constituted two separate acts.

Our decision in *Wade* is consistent with the foregoing cases. In upholding the defendant's Code § 19.2-294 claim, we held that the act of firing a shot at a police officer was the same act that formed the basis of his convictions for both obstruction of justice and attempted capital murder. In doing so, we noted that Code § 19.2-294 speaks to the acts of the accused, not to elements of the offenses.

Our decision in *Shaw* is readily distinguishable from these cases. There, we did not address whether the offense of eluding a police officer and driving under the influence arose from a single act. Rather, we held that Code § 19.2-294.1 was not a bar to both convictions because this statute specifically concerns cases involving reckless driving and driving under the influence arising from one occurrence of driving, and the offense of eluding a police officer, pursuant to Code § 46.2-817, is not reckless driving.

Finally, we turn to *Estes* which, in our view, is in conflict with *Jones* and has been overruled, at least implicitly, by *Jones* and *Padgett*. In *Estes*, the Court rejected a Code § 19.2-294 claim based upon the determination that the same evidence was not required to sustain a conviction for driving under the influence and driving on a suspended license. Using this element of the offense analysis, the Court held the defendant had committed different acts arising from the same occurrence of driving. Standing alone, *Estes* and *Padgett* arguably can be reconciled on the basis that *Estes* is based upon a Code § 19.2-294 ·claim and *Padgett* is based upon a Code § 19.2-294.1 claim, which is specifically limited to reckless driving and driving under the influences cases. *Jones*, however, is based upon a Code § 19.2-294 claim, and contrary to the same element of the offense analysis followed in *Estes*, unequivocally requires an analysis of the act or conduct of the accused consistent with the expressed language of the statute. Because we cannot reconcile *Estes* and *Jones*, we believe that *Jones*, the more recent of the two cases, is controlling.

From these cases we are able to summarize the proper analysis to be followed in resolving Code § 19.2-294 claims. Ini-

tially, a court must distinguish those claims from *Blockburger* double jeopardy claims. In doing so, a court's focus in addressing the statutory claim is on "the act" or conduct of the accused as established by the facts of a particular case, rather than on the elements of the offenses charged against the accused. *See Jones,* 218 Va. at 760-61, 240 S.E.2d at 661. This approach is necessary because a determination that separate or different facts are required to support convictions of separate statutory offenses does not resolve or conclude a court's analysis of the statutory claim. *See, e.g., Wade,* 9 Va. App. 359, 388 S.E.2d 277 (separate facts required to support convictions of attempted capital murder and obstruction of justice even though "same act" gave rise to both convictions). Similarly, a determination that one occurrence or transaction gave rise to multiple offenses does not resolve or conclude a court's analysis of the statutory claim. One occurrence may involve multiple acts of an accused and, thus, support convictions of several statutory offenses. *See Jones,* 218 Va. at 757, 240 S.E.2d at 658. However, one occurrence or transaction giving rise to violations of more than one statutory offense may arise out of "the same act." *See Wheeler,* 192 Va. 665, 66 S.E.2d 605. In the latter situation, Code § 19.2-294 bars conviction for multiple offenses. The determination of whether the conduct of an accused amounts to "the same act" as contemplated by Code § 19.2-294 is a factual determination. Where the facts establish that the accused engaged in one distinct, continuous and uninterrupted course of conduct bounded closely in terms of place and time, such conduct is the "same act" for purposes of a Code § 19.2-294 claim.

██ We recognize that the *application* of the proper analysis to be followed in the resolution of a Code § 19.2-294 claim is a more difficult matter than the statement of that analysis might suggest. Specifically, we recognize that cases involving the operation of a motor vehicle are particularly difficult to resolve. Obviously, the act of driving a motor vehicle inherently involves the movement of the vehicle in terms of time and space and thus affords the possibility of multiple offenses occurring in that process. We do not suggest that Code § 19.2-294 affords a blanket bar to multiple convictions where one such occurrence of driving a motor vehicle is involved. Rather, we hold that where one occurrence of driving cannot be separated factually into separate and distinct acts of driving and constitutes one distinct, continuous and unaltered

course of driving bounded closely in terms of place and time, such conduct is the "same act" of driving for purposes of a Code § 19.2-294 claim.

Applying this analysis to the facts in Lash's case, we acknowledge that the offense of reckless driving and the offense of eluding a police officer consist of different elements and do not require the same facts to support a conviction for each. We focus, however, on the conduct of Lash rather than on the elements of these offenses. The facts show that after Officer Counts told Lash that Lash would have to park his car, Lash defied Counts by speeding away in a reckless manner. Counts returned to his vehicle, turned on his blue lights and siren, and chased Lash at speeds of sixty to seventy miles per hour in a posted thirty-five miles per hour speed zone. Counts pursued Lash to a parking lot where Lash eventually stopped. When viewed in the manner necessary for analyzing Lash's Code § 19.2-294 claim, Lash's conduct may not properly be separated into separate and distinct acts of driving. From the moment Lash drove away from Officer Counts to the moment Officer Counts apprehended him, Lash was engaged in a single, continuous and unaltered act of dangerous driving in defiance of Officer Counts' command to park the car. Despite the fact that Officer Counts pursued Lash with his siren and blue lights in operation, Lash's conduct remained continuous and unaltered. Though Lash's conduct amounted to both reckless driving and eluding a police officer, his conduct giving rise to both offenses flowed from the "same act" and, therefore, can support only one conviction in accordance with Code § 19.2-294.

For these reasons, we reverse the decision below and remand the case with directions that the trial court impose sentence in only one of the two convictions and dismiss the other.

*Reversed and remanded.*

Benton, J., concurred.

Cole, J.,* dissenting.

---

* Judge Cole participated in the hearing and decision of this case prior to the effective date of his retirement on April 30, 1991 and thereafter by designation pursuant to Code § 17-116.01.

I respectfully disagree with the views expressed in the majority opinion.

The first issue involved in this case is whether the appellant has preserved his right to appeal. The statement of facts discloses that after the County rested its case, the defendant made a motion to strike the charge of reckless driving with the intent to elude the police officer and the charge of reckless driving under the general statute. In the alternative, he requested that the court merge the two offenses into one violation of law. The trial court took the motion under advisement. The defendant did not put on any evidence and renewed his motion to strike, which was overruled.

I do not consider the defendant's motion to merge two offenses into one violation of law the equivalent of affirmatively contending in the trial court that if the same act be a violation of two or more statutes, conviction under one of such statutes shall be a bar to a prosecution of the other under Code § 19.2-294. The record does not show that this Code section was mentioned in the trial court. The County raised this defense in its brief, but the majority has not addressed the issue. I would hold that this appeal is barred under Rule 5A:18.

Nevertheless, I will discuss the issue decided by the majority. The statutory offenses involved in the instant case are Code § 46.1-192.1 (evading a police officer after receiving a signal to stop) and Code § 46.1-189 (general reckless driving statute). As it existed at the time of the charged offense, Code § 46.1-192.1,[3] in pertinent part, said:

> Any person who, having received a visible or audible signal from any police officer to bring his motor vehicle to a stop, shall operate such motor vehicle in a willful or wanton disregard of such signal so as to interfere with or endanger the operation of the police vehicle or endanger other property or person, or who shall increase his speed and attempt to escape or elude such police officer, shall be guilty of a Class 1 misdemeanor.

---

[3] Effective October 1, 1989, Title 46.1 was repealed and recodified as Title 46.2. In the recodification, former Code § 46.1-192.1 was removed from Chapter 4, article 3, and relocated as Code § 46.2-817 in Chapter 8, article 1.

Code § 46.1-189,[4] in pertinent part, states:

Irrespective of the maximum speeds herein provided, any person who drives a vehicle upon a highway recklessly or at a speed or in a manner so as to endanger life, limb or property of any person shall be guilty of reckless driving.

Code § 19.2-294 provides, in pertinent part, as follows:

If the same act be a violation of two or more statutes . . . conviction under one of such statutes . . . shall be a bar to a prosecution or proceeding under the other or others.

Reference to several cases will make the meaning of Code § 19.2-294 clear. In *Hundley v. Commonwealth*, 193 Va. 449, 69 S.E.2d 336 (1952), the Supreme Court, in discussing the predecessor to Code § 19.2-294, held:

A test of the identity of acts or offenses is whether the same evidence is required to sustain them; if not, then the fact that several charges relate to and grow out of one transaction or occurrence does not make a single act or offense where two separate acts or offenses are defined by statute.

*Id.* at 451, 69 S.E.2d at 337.

In *Estes v. Commonwealth*, 212 Va. 23, 181 S.E.2d 622 (1971), the Supreme Court held that prosecution for both driving under the influence and driving on a suspended license, although arising from the same incident, were not barred by Code § 19.2-294. The Court pointed out that the same evidence was not required to sustain both convictions because Estes could have been convicted of the act of driving under the influence without proof of the suspension of his driver's license. Similarly, he could have been convicted of the act of driving under a suspended license without proof of his intoxication. Therefore, these convictions were based on different acts arising from the same incident and Code § 19.2-294 was not a bar to either conviction. *Id.* at 24, 181 S.E.2d at 624.

In *Jones v. Commonwealth*, 218 Va. 757, 240 S.E.2d 658, *cert. denied*, 435 U.S. 909, 439 U.S. 892 (1978), the Supreme Court

---

[4]  Code § 46.1-189 in the 1989 recodification is renumbered as Code § 46.2-852.

found that robbery and grand larceny convictions arising from the same criminal incident were not barred by Code § 19.2-294. In *Jones*, the robbery was completed after Jones entered the hotel, pulled his gun and robbed the clerk of money. The defendant took the keys to the hotel's car and left the hotel to gain possession of the car in the parking lot. On the robbery conviction, the Commonwealth was not required to prove that the defendant stole the vehicle, and on the grand larceny conviction, it was not required to show that the defendant robbed the victim inside the hotel. The Supreme Court found, in terms of time and place, the two thefts involved separate and distinct acts of caption and different acts of asportation. Therefore, the acts which constituted the two offenses for which the defendant was convicted were not "the same" within the meaning of Code § 19.2-294. *Id.* at 761, 240 S.E.2d at 662.

A different set of circumstances existed in *Wade v. Commonwealth*, 9 Va. App. 359, 388 S.E.2d 277 (1990). Wade was charged with obstruction of justice under Code § 18.2-460(B) and attempted killing of a police officer to interfere with the performance of his duties under Code § 18.2-31(f). In the circuit court Wade filed a bill of particulars, asking the Commonwealth to state what evidence it relied on to prove the obstruction of justice and capital murder charges. With regard to the obstruction of justice charge, the Commonwealth answered: "She attempted to impede Jerry Caldwell in the performance of his duty by firing a shot at him." With regard to the capital murder charge, the Commonwealth responded: "Firing a gun at Deputy Jerry Caldwell." Wade withdrew her appeal of the obstruction of justice charge and stood convicted in the general district court on that charge. She then filed a motion asking the circuit court to bar prosecution of the felony charge under Code § 19.2-294. We held that because the "same act" was used to prove the violation of both statutes, the conviction of capital murder could not stand. The firing of a shot at Jerry Caldwell constituted one unlawful act. *Id.* at 365, 388 S.E.2d at 280.

The defendant in the instant case can be guilty of evading a police officer after receiving a signal to stop without violating any traffic regulation. He can also be guilty of reckless driving without evading a police officer. These two offenses are based upon different and distinct acts and neither is barred by Code § 19.2-294. The majority has ignored the language of the statute and a long

line of Supreme Court decisions.

For the foregoing reasons, I would affirm the judgment of the trial court.