## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Eric J. Chamberlain

September 16, 1992

Case No. (Criminal) 74767

BY JUDGE THOMAS A. FORTKORT

This case is before the Court on the Defendant's Motion to Dismiss. After hearing oral argument, the Court took the matter under advisement. For the reasons set forth below, the motion is denied.

The Defendant, Eric J. Chamberlain, appeals his conviction for driving under the influence of alcohol in violation of Virginia Code § 18.2–266. Defendant bases his motion to dismiss on a prior conviction of driving without a license arising from the same incident of driving. Virginia Code § 19.2–294 provides that:

> If the same act be a violation of two or more statutes . . . conviction under one of such statute shall be a bar to a prosecution or proceeding under the other . . . .

Va. Code Ann. § 19.2–294 (1990).

Defendant argues that his prior conviction for driving without a license was predicated on the "same act" underlying the present case. He interprets § 19.2–294 to mean he cannot be convicted of both driving under the influence and driving without a license based on a single act of driving an automobile.

The Virginia Supreme Court, in *Jones v. Commonwealth*, 218 Va. 757, 240 S.E.2d 658, *cert. denied*, 435 U.S. 909 (1978), identified the analysis required of a § 19.2–294 claim. In particular, the court distinguished between analysis of a constitutional double jeopardy claim and that of a statutory argument based on § 19.2–294. *Id.* Constitutional double jeopardy looks to the elements of the offense, while § 19.2–294 depends upon the identity of the act. *Id.* at 757.

> If the offenses differ in their statutory definitions and one is not a lesser-included offense of the other, there is no constitutional issue. If the acts underlying those offenses differ as well, there is no statutory bar.

*Id.* at 760–61 (citations omitted).

This Court notes that the Court of Appeals has held that *Jones* is in conflict with the earlier case of *Estes v. Commonwealth*, 212 Va. 23, 181 S.E.2d 622 (1971), and that *Jones*, as the more recent case, controls. *Lash v. County of Henrico*, 13 Va. App. 251 (1991):

> In *Estes*, the court rejected a § 19.2–294 claim based upon the determination that the same evidence was not required to sustain a conviction for driving under the influence and driving on a suspended license. Using this element of the offense analysis, the court held the defendant had committed different acts arising from the same occurrence of driving .... *Jones*, however, is [also] based upon a Code § 19.2–294 claim, and contrary to the same element of the offense analysis followed in *Estes*, unequivocally requires an analysis of the act or conduct of the accused consistent with the express language of the statute.

*Id.*

This Court notes that *Jones*, which involved convictions for robbery and grand larceny, is factually very different from *Estes*, and that it overrules the latter only as to the analysis employed, not the result obtained. It falls to this Court to determine how the Supreme Court would apply the reasoning of *Jones* to the facts of the present case, which happen to be identical to those of *Estes*. This Court concludes that although the reasoning has changed, in this case the result remains the same: Code § 19.2–294 is no bar to convictions for both driving under the influence and driving without a license.

In *Jones*, the defendant, armed with a pistol, entered the office of a motel and forced the clerk to give him the money in the cash drawer and the keys to the motel's "courtesy car." *Jones, supra* at 758. Defendant then forced the clerk to accompany him to the car two hundred yards away and to open the car door. *Id.* Jones then left with both car and cash. *Id.* The Supreme Court determined that § 19.2–294 was no bar to convictions for both robbery and grand larceny. *Id.* Although, "the two thefts involved property of the same owner and were committed by the same criminal agent during a continuing

course of intimidation of the same victim," they nonetheless constituted two different acts:

> Larceny of the money was complete and the act underlying that offense ended the moment the money was taken and carried away, larceny of the car, located two hundred yards from the scene of the first theft, and the act underlying that offense occurred at a different place at a later point in time.

*Id.*

The Court of Appeals has recognized that "determination of whether the conduct of an accused amounts to 'the same act' as contemplated by Code § 19.2–294 is a factual determination," and one that is particularly difficult to ascertain in motor vehicle cases. *Lash, supra.*

> Obviously, the act of driving a motor vehicle inherently involves the movement of the vehicle in terms of time and space and thus affords the possibility of multiple offenses occurring in that process. We do not suggest that Code § 19.2–294 affords a blanket bar to multiple convictions where one such occurrence of driving a motor vehicle is involved.

*Id.*

Applying the *Jones* analysis to the instant case, it becomes evident that there is no bar to the pending prosecution. As in *Jones,* one offense was completed before the second began. Due to the particular way in which each statute is applied, the Defendant had completed his violation of Code § 18.2–266 (driving under the influence) even before he embarked upon his violation of § 46.2–301 (driving without a license).

Virginia Code § 18.2–266 provides that "it shall be unlawful for any person to drive *or operate* any motor vehicle" while his or her blood alcohol concentration exceeds a prescribed standard. Va. Code Ann. § 18.2–266 (1992 Supp.) (emphasis added). The case law interpreting and applying this statute consistently and emphatically holds that the terms "drive" and "operate" are not synonymous. *E.g., Stevenson v. City of Falls Church,* 243 Va. 434, 416 S.E.2d 435 (1992); *Nicolls v. Commonwealth,* 212 Va. 257, 194 S.E.2d 9 (1971); *Williams v. City of Petersburg and Commonwealth,* 216 Va. 297, 217 S.E.2d 893 (1975); *Gallagher v. Commonwealth,* 205 Va. 666, 139 S.E.2d 37 (1964).

> "[D]riving" an automobile means putting it in motion but . . . "operating" a vehicle has a broader meaning. "Operating" not only includes the process of moving the vehicle from one place to another, but also includes starting the engine, or manipulating the mechanical or electrical equipment of the vehicle without actually putting the car in motion.

*Williams* at 300.

The defendant in the instant case violated Code § 18.2–266 as soon as he "operated" the vehicle with the requisite blood alcohol content. Operation of the vehicle requires only the turn of a key in the ignition switch sufficient to engage the mechanical or the electrical equipment of the car. *Stevenson* at 438. As soon as the key was turned and the engine engaged, the violation of § 18.2–266 was complete. *Id.*

Unlike Code § 18.2–266, the statutory prohibition against driving without a license does not encompass "operation" of the vehicle. Va. Code Ann. § 46.2–301 (Supp. 1992). Rather, the section provides that:

> no resident or nonresident (i) whose driver's license . . . has been suspended or revoked . . . shall thereafter *drive* any motor vehicle . . . .

*Id.* (Emphasis added.) There is no prohibition against the unlicensed driver "operating" a vehicle without actually driving it. *Id.* Thus, an unlicensed party has not violated Code § 46.2–301 until he or she has driven the vehicle, an activity strictly and specifically defined by the Virginia Supreme Court to mean actually putting the automobile in motion. *Gallagher* at 668.

This Court, therefore, overrules the Motion to Dismiss, as the charges against the defendant are predicated on distinct acts by the defendant which took place while he was in control of the automobile. The instant case, like *Jones*, involves successive criminal acts committed within a very brief period of time. The defendant's actions can "be separated factually into separate and distinct acts of driving," *Lash* at 265. Specifically, they can be divided into operating and driving, which have been consistently differentiated by the Supreme Court. This Court applies the definitions adopted by the Supreme Court and therefore has concluded that the violations of §§ 18.2–266 and 46.2–301 do not arise from the "same act." Ac-

cordingly, the bar of § 19.2–294 is not raised and the case may proceed.