COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Elder and Clements
Argued at Richmond, Virginia


VENESSA M. MONGER

MEMORANDUM OPINION[*] BY
v.    Record No. 1926-00-2      JUDGE JEAN HARRISON CLEMENTS
                                      NOVEMBER 20, 2001
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF HALIFAX COUNTY
                       William L. Wellons, Judge

            Randall J. Trost (Randall J. Trost, P.C., on
            brief), for appellant.

            Jeffrey A. Spencer, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Venessa M. Monger appeals from an order of the trial court

affirming the decision of the Department of Motor Vehicles

declaring her an habitual offender pursuant to Code § 46.2-351.[1]

On appeal, Monger contends the trial court erred (1) in ruling

that the second and third convictions upon which the habitual

offender determination was based resulted from offenses that arose

"out of separate acts," within the meaning of Code § 46.2-351; (2)

in ruling that Code § 46.2-351 did not violate the Equal

Protection Clause; and (3) by not allowing the rebuttal testimony

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

        [1] Code § 46.2-351 was repealed in 1999.

of Officer Redd.  Finding no error, we affirm the decision of the trial court.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as necessary to the parties' understanding of the disposition of this appeal.

Under well-settled principles of appellate review, we examine the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth, the prevailing party below.  Burlile v. Commonwealth, 32 Va. App. 796, 798, 531 S.E.2d 26, 27 (2000). In determining whether the trial court made an error of law, "we review the trial court's statutory interpretations and legal conclusions de novo."  Timbers v. Commonwealth, 28 Va. App. 187, 193, 503 S.E.2d 233, 236 (1998).

The facts relative to the matters before us are not in dispute.  On November 25, 1992, Monger was convicted in the General District Court of Halifax County of driving under a suspended license on September 3, 1992, in violation of Code § 46.2-301.  On March 17, 1997, Monger was convicted in the General District Court of Halifax County of driving while intoxicated on October 25, 1996, in violation of Code § 18.2-266, and of driving under a suspended license on October 25, 1996, in violation of a Halifax local ordinance.  The latter

-

two offenses occurred simultaneously.  On April 3, 1997, the Department of Motor Vehicles declared Monger an habitual offender.  Monger appealed to the trial court, which affirmed the determination.  This appeal followed.

## I.   HABITUAL OFFENDER DETERMINATION

As pertinent to this case, an habitual offender is defined under Code § 46.2-351 as one who has accumulated within ten years:

> 1.  Three or more convictions, . . . singularly or in combination, of the following separate offenses arising out of separate acts:
>
> *       *       *       *       *       *       *
>
> b.  Driving or operating a motor vehicle while under the influence of intoxicants or drugs in violation of § 18.2-266 or subsection A of § 46.2-341.24;
>
> c.  Driving a motor vehicle while his license, permit, or privilege to drive a motor vehicle has been suspended or revoked in violation of §§ 18.2-272, 46.2-301, 46.2-302, or former § 46.1-350 or § 46.1-351; . . . .

Monger contends that, because her 1997 convictions for driving while intoxicated and driving under a suspended license resulted from offenses that occurred simultaneously during the same act of driving, they did not arise "out of separate acts," as required by Code § 46.2-351.  Thus, she argues, for purposes of the Habitual Offender Act, her second and third convictions should count as only a single conviction.  Accordingly, she

-

concludes, the trial court erred in affirming the Department of Motor Vehicles' determination that she is an habitual offender.

The Virginia Supreme Court addressed the same argument in Estes v. Commonwealth, 212 Va. 23, 181 S.E.2d 622 (1971). There, the Court, in adopting the analysis used for a similar provision in the predecessor to Code § 19.2-294, said that "one occasion of driving an automobile may give rise to several acts and offenses and that the test of whether there are separate acts sustaining several offenses 'is whether the same evidence is required to sustain them.'" Id. at 24, 181 S.E.2d at 623-24 (quoting Hundley v. Commonwealth, 193 Va. 449, 451, 69 S.E.2d 336, 337 (1952)). Applying that test, the Court went on to hold that, for purposes of the Habitual Offender Act, defendant's convictions for driving under the influence and driving under a suspended license, although resulting from offenses that were committed at the same time, "arose 'out of separate acts'—one out of the act of driving under the influence and the other out of the act of driving on a suspended license." Id. at 24-25, 181 S.E.2d at 624. "Therefore," the Supreme Court concluded, "the convictions must be counted individually as second and third convictions, thereby constituting the defendant an habitual offender." Id. at 25, 181 S.E.2d at 624.

Monger acknowledges on appeal that the instant case is squarely on point with Estes. She contends, however, that the Supreme Court implicitly overruled Estes in ruling in Padgett v.

-

Commonwealth, 220 Va. 758, 761, 263 S.E.2d 388, 389 (1980) (per curiam), that the language "the same act or acts" in Code § 19.2-294.1 means the "same act or acts of driving."

We do not share Monger's view. For one thing, the Supreme Court was asked in Padgett solely to interpret Code § 19.2-294.1[2] relative to a defendant who, as a result of a high speed chase across jurisdictional lines, was convicted of reckless driving in one venue and of driving while intoxicated in another. In order to give effect to the statute, the Supreme Court construed the statute's language, "'the same act or acts,' to mean 'the same act or acts' of driving and to contemplate a continuous, uninterrupted course of operation of a motor vehicle, without regard to the crossing of the boundary line between two localities." Id. at 761, 263 S.E.2d at 389-90. Without such a construction, the statute would be rendered essentially meaningless by the usual interpretation of "same act" that is utilized in Code § 19.2-294 and double jeopardy analyses.

Furthermore, Code § 19.2-294.1 "deals only with the offenses of driving while intoxicated and reckless driving; it applies to no other criminal offenses." Lash v. County of

---

[2] Code § 19.2-294.1 provides, in pertinent part:

> Whenever any person is charged with [driving while intoxicated] and reckless driving growing out of the same act or acts and is convicted of one of these charges, the court shall dismiss the remaining charge.

-

Henrico, 14 Va. App. 926, 930, 421 S.E.2d 851, 853 (1992) (en banc). It reflects the fundamental similarity of the two offenses, see Harris v. City of Virginia Beach, 19 Va. App. 214, 216-17, 450 S.E.2d 401, 402 (1994) (noting that "the commonality of the underlying offending conduct . . . invokes the preclusive effect of the statute"), and creates, as to those two offenses, a "special case of the general policy against conviction for two statutory offenses growing from the same act which is announced by Va. Code § 19.2-294," John L. Costello, Virginia Criminal Law and Procedure § 27.1-1 (2nd ed. 1995).

Consequently, we do not believe that the legislature or Supreme Court intended that the Supreme Court's interpretation in Padgett of Code § 19.2-294.1, limited in application as it was to the two offenses specified in that statute, should be extended to the offenses and statute now before us. Accordingly, we conclude that Padgett has not overruled Estes, implicitly or otherwise. This view is buttressed by the fact that this Court has, subsequent to Padgett, employed the Estes test in cases involving driving offenses under Code § 19.2-294, see Slater v. Commonwealth, 15 Va. App. 593, 596, 425 S.E.2d 816, 817-18 (1993); Treu v. Commonwealth, 12 Va. App. 996, 997, 406 S.E.2d 676, 677 (1991), and rejected the idea of extending the Supreme Court's interpretation of Code § 19.2-294.1 in Padgett to Code § 19.2-294, cf. Slater, 15 Va. App. at 597, 425 S.E.2d at 818 (Benton, J., dissenting).

-

Thus, following Estes, we conclude that Code § 46.2-351 requires that the three convictions necessary for an habitual offender determination arise from three separate acts, rather than from three separate acts of driving, as Monger contends. Here, the record establishes that Monger was convicted of three separate offenses arising from three separate acts. We hold, therefore, that the trial court did not err in affirming the Department of Motor Vehicles' habitual offender determination.

## II. EQUAL PROTECTION CLAUSE

As pertinent here, Code § 46.2-351 provides:

> Where more than one offense included in subdivision 1, 2, or 3 is committed within a six-hour period, multiple offenses shall, on the first such occasion, be treated for the purposes of this article as one offense provided the person charged has no record of prior offenses chargeable under this article.

Monger contends that this provision violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because it discriminates against those who have prior offenses under the Habitual Offender Act. We disagree.

As we stated in Salama v. Commonwealth, 8 Va. App. 320, 322-23, 380 S.E.2d 433, 434 (1989) (citations and internal quotation marks omitted):

> The fourteenth amendment does not prohibit classifications in legislative enactments. Legislative classifications are, however, subject to judicial review.

-

. . . [C]lassifications not involving fundamental rights or inherently suspect classifications will survive an equal protection challenge if they bear a reasonable relation to a legitimate governmental objective.  This standard of review is highly deferential and such legislative classifications are presumed valid.  Classifications will not be deemed unconstitutional just because they result in some statutory discrimination or inequality.

Monger acknowledges that the privilege of driving, while important, is not a fundamental right.  See Lockett v. Commonwealth, 17 Va. App. 488, 491, 438 S.E.2d 497, 499 (1993).  Accordingly, the appropriate legal standard for determining whether the statutory classification challenged by Monger violates the Equal Protection Clause is the "rational basis" test.  See Etheridge v. Med. Ctr. Hosps., 237 Va. 87, 103, 376 S.E.2d 525, 534 (1989).  "The rational basis test is satisfied 'if the legislature could have reasonably concluded that the challenged classification would promote a legitimate state purpose.'"  Id. at 104, 376 S.E.2d at 534 (quoting Exxon Corp. v. Eagerton, 462 U.S. 176, 196 (1983)).

It is within the public safety function of the legislature to pass laws determining who may or may not drive based upon a person's driving history and to treat those who repeatedly violate the law differently from those who do not.  The purpose of the Habitual Offender Act is to protect the public by preventing those who repeatedly commit the offenses described in the Act from driving.  See Nesselrodt v. Commonwealth, 19 Va.

-

App. 448, 450, 452 S.E.2d 676, 677 (1994) (en banc).  Here, in enacting the subject provision of Code § 46.2-351, the legislature simply carved out an exception precluding the unintended result of having a driver with no prior qualifying convictions under the Habitual Offender Act adjudged an habitual offender solely on the basis of a single act of driving, rather than on his or her driving history.

We find that the challenged provision is rationally related to a legitimate government interest.  We hold, therefore, that Monger's claim under the Equal Protection Clause of the United States Constitution is without merit.

III.  ADMISSIBILITY OF OFFICER REDD'S TESTIMONY

At trial, the Commonwealth presented evidence of Monger's March 17, 1997 conviction of driving under a suspended license in violation of a Halifax local ordinance.  Monger called Officer R.E. Redd, a narcotics investigator for the Town of South Boston, as a rebuttal witness.  The following exchange took place between Monger's counsel and Redd:

> Q.  Officer, you work in the South Boston, Halifax area, correct?
>
> A.  That's correct.
>
> Q.  And in that connection, have you had occasion to be familiar with South Boston's ordinances?
>
> A.  Yes, sir, I have.
>
> Q.  And in that connection, you're aware of the fact that there are no

-

ordinances concerning traffic infractions of Halifax County?

At that point, the Commonwealth objected. The trial court sustained the Commonwealth's objection, ruling that the testimony of the witness was not the appropriate method of proving the existence or nonexistence of the ordinance.

Monger contends the trial court erred in not permitting Redd to testify regarding the local ordinance that served as the basis for Monger's second qualifying offense under Code § 46.2-351. Such testimony, Monger argues, should have been allowed because it would have rebutted the Commonwealth's prima facie case that she had been convicted of three qualifying offenses.

Code § 8.01-386 provides the mechanism for the court to take judicial notice of a local ordinance. Monger, however, did not pursue this statutory method. Instead, she sought to prove the nonexistence of the ordinance by attempting to introduce the hearsay testimony of Officer Redd.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842

-

(1988).  We hold the trial court did not abuse its discretion by not allowing the hearsay testimony of Officer Redd.[3]

Accordingly, we affirm the decision of the trial court.

<u>Affirmed.</u>

---

[3] Because it was never presented to the trial court, we do not address Monger's further argument that Redd should have been allowed to testify about the local ordinance because he was an expert witness.  <u>See</u> Rule 5A:18.