# Richmond

## JOSEPH RICHARD HUNDLEY, JR. v. COMMONWEALTH OF VIRGINIA.

March 10, 1952.

Record No. 3926.

Present, All the Justices.

The opinion states the case.

C. *Carter Lee,* for the plaintiff in error.

J. *Lindsay Almond, Jr., Attorney General* and D. *Gardiner Tyler, Jr., Assistant Attorney General,* for the Commonwealth.

WHITTLE, J., delivered the opinion of the court.

Appellant, Joseph Richard Hundley, Jr., was arrested in Franklin county, Virginia, on December 2, 1950, upon a warrant charging him with driving a motor vehicle while under the influence of intoxicants in violation of section 18-75 of the 1950 Code of Virginia, and of reckless driving as prohibited by section 46-208.

Hundley was convicted in the trial justice court. His punishment under the first charge was fixed at a fine of $200 and thirty days in jail, and under the reckless driving charge at a fine of $200.

Upon appeal to the circuit court the defendant was tried before a jury on February 26, 1951, was found guilty of both charges, and his punishment fixed at a fine of $100 on the drunken driving charge and $10 on the charge of reckless driving. To the court's judgment upon the verdicts Hundley was granted a writ of error and *supersedeas.*

Appellant relies upon four assignments of error which are treated in his brief as follows:

"(1) Can a defendant, who has committed only one act, be convicted of more than one offense in view of section 19-232 of the Code of Virginia, 1950? That is, can a defendant be convicted of the two offenses of driving while drunk and reckless driving which constituted one act at the same time and place."

Section 19-232 reads: "If the same act be a violation of two or more statutes or of two or more municipal ordinances or of one or more statutes and also one or more ordinances, conviction under one of such statutes or ordinances shall be a bar to a prosecution or proceeding under the other or others. Furthermore, if the same act be a violation of both a State and a federal statute a prosecution or proceeding under the federal statute shall be a bar to a prosecution or proceeding under the State statute."

When we consider the facts in the case appellant's position becomes untenable. First he was driving a motor vehicle while under the influence of intoxicants in violation of Code, § 18-75, and second, he was driving the automobile recklessly in violation of section 46-208. Before the defendant was apprehended he was driving around curves at a speed of from 75 to 85 miles per hour.

The State trooper who finally arrested him says: "Each time I pulled up beside him, started to pull up beside him, he cut very sharply over in front of me. He did this at least two, I'll say three times." The State trooper was sounding his siren, and says: "It didn't faze him. He just kept driving. * * * I used every method I could think of in order to stop him because at the rate of speed he was traveling, the manner in which he was operating his car, it was just dangerous."

These facts disclose more than one act. They show two separate acts resulting in the commission of two offenses, and in such an instance the statute does not apply.

It is conceivable for a person under the influence of intoxicants to drive properly. Many people not under the influence of intoxicants drive recklessly. A test of the identity of acts or offenses is whether the same evidence is required to sustain them; if not, then the fact that several charges relate to and grow out of one transaction or occurrence does not make a single act or offense where two separate acts or offenses are defined by statute, as in the instant case. State v. Bacom, 159 Fla. 54, 30 So. (2d) 744, 172 A. L. R. 1050, 1053; People v. Townsend, 214 Mich. 267, 183 N. W. 177, 16 A. L. R. 902; State v. Empey, 65 Utah 609, 239 P. 25, 44 A. L. R. 558, and 15 Am. Jur., Criminal Law, § 390, pages 65-66.

It frequently has been held that reckless driving and driving while under the influence of intoxicants, where both are involved in the same occurrence, are separate acts and therefore constitute separate offenses, and the prosecution for one offense is

no bar to a prosecution for that coupled with it. 22 C.J.S., Criminal Law, § 295; *State* v. *Sisneros,* 42 N. M. 500, 82 P. (2d) 274; *Usary* v. *State,* 172 Tenn. (8 Beeler) 305, 112 S. W. (2d) 7, 114 A.L.R. 1401; *State* v. *Yuse,* 191 Wash. 1, 70 P. (2d) 797; *District of Columbia* v. *Buckley,* 75 U. S. App. D. C. 301, 128 F. (2d) 17, cert. den. 317 U. S. 658, 63 S. Ct. 57, 87 L. ed. 529; *People* v. *Skarczewski,* 178 Misc. Rep. 160, 33 N. Y. S. (2d) 299, affd. 287 N. Y. 826, 41 N. E. (2d) 99.

Section 19-232 contemplates a *conviction* of an act or offense prohibited by two or more statutes or ordinances. If a defendant is tried and *convicted* under one statute or ordinance for the violation of a prohibited act or offense and a prosecution is later instituted under another statute or ordinance which covers the same act or offense, then the first conviction, properly pleaded, would bar the prosecution.

A motion was made by the attorney for the Commonwealth to sever the charges in the warrant. First he desired to try the accused on the charge of driving while under the influence of intoxicants. Appellant objected to the severance and the court, in its sound discretion, denied the motion.

After the evidence was in and while the instructions were being argued appellant changed his position and moved for a severance, which motion was denied. Appellant having objected to a severance when sought by the Commonwealth at the beginning of the trial, cannot now be heard to complain that the court erred in not granting the severance after the case had been fully developed on both charges.

In our jurisdiction several misdemeanors may be tried under one warrant. Upon such a trial the court instructs the jury as to what constitutes each offense charged. In the instant case the court properly instructed the jury as to both charges in the warrant and the verdict returned on each charge was in proper form.

The second assignment of error deals with the propriety of the justice of the peace, before whom the accused was taken for the purpose of bail, testifying as to the condition of the accused.

The justice of the peace was permitted to testify that appellant was under the influence of intoxicants when he appeared before him immediately after his arrest. Appellant objected to this testimony on the ground that section 4781, Virginia Code, 1919, prohibited a justice of the peace from testifying to statements made to him by the accused while on trial.

When our trial justice system was established the juris-

diction to try misdemeanor cases was transferred from justices of the peace to trial justices, and section 4781 was amended. This amendment is now section 19-241, Virginia Code, 1950. The amended section eliminates ''justice of the peace'' and substitutes ''trial justice''. This change removes any statutory prohibition against a justice of the peace testifying, and there is no common law rule which prohibits such testimony. In any event, the statutory prohibition was against a justice of the peace testifying as to ''statements made by the accused on his trial''. (§ 4781, Code, 1919; § 19-241, Code, 1950). Here the justice was not testifying as to *statements* made by the accused but as to what he saw regarding his *condition*.

The third question involved is: ''Whether or not the court erred when the witness, P. L. English, Justice of Peace, voluntarily and probably intentionally made the statement concerning the defendant, 'I considered him too drunk to drive', in not instructing the jury to disregard such statement as a conclusion or declare a mistrial.''

The statement here objected to was elicited from the witness by the attorney for appellant who was subjecting this officer to an unreasonable cross-examination. The witness had explained in a temperate manner his reason for granting the defendant bail. The officers had stored defendant's car as he was too drunk to be entrusted with it. Defendant had requested that he be permitted to go home to his wife so he could be on time for work the next day. His companion who was sober agreed to go his bail and also agreed to take appellant home in a taxi. Under these circumstances and conditions the justice of the peace properly granted bail and delivered appellant into the care of his companion. This explanation did not satisfy appellant's attorney who continued to question the witness about some difficulty between the State trooper and appellant.

''Mr. Lee:

''Q. Down at that jail do officers just cooly haul off and hit a man under arrest?

''A. I don't often see it.

''Q. No, sir. You look the other way, don't you? What is your definition of somebody drunk or under the influence, Mr. English?

''A. I reckon about like most everybody else's.

''Q. I'm asking what yours is, please, sir?

''A. My definition of somebody being drunk? Well, I don't

know just exactly how to give you that definition. One man will appear one way. One another.

"Q. Now this boy, you certainly thought he was sober enough to admit him to bail?

"A. In this case, if he would go in the taxicab home in the charge of that driver, I agreed to send him home to his wife.

"Q. He was sober enough to be admitted to bail, to execute to acknowledge a legal obligation, wasn't he.

"A. I considered him too drunk to drive.

"Mr. Lee: If your Honor please, we move the court to strike out the—move the court that a mistrial be granted on account of the last remark of this witness. He said, 'I considered him too drunk to drive', a volunteer statement not called for by the question. We move for a mistrial.

"Judge Hopkins: Overruled."

The motion before the court was "we move for a mistrial". The motion was properly overruled. The answer of the witness was a natural one under the circumstances of the cross-examination to which he had been and was being subjected. If the answer constituted error it was invited error of which appellant cannot here complain.

The last question involved deals with a motion to assess costs against the Commonwealth for "unnecessary printing caused by a designation of most of the printed record in this case of matters not germane to the issue * * * in violation of Rule 5:1 § 6(e) of the court."

The purpose of the rule is to prohibit printing of matters not germane to the assignments of error, and the rule authorizes this court in case of infraction to make an appropriate order respecting payment of the cost of printing the record.

In criminal cases the duty to designate the part of the record relied upon by the Commonwealth on appeal devolves upon the Commonwealth's Attorney and the Attorney General. (Rule 5:1 § 6(b)). The very nature of this case, when considering the assignments of error relied upon, required the printing of most of the record. The evidence, the notice of appeal and assignments of error consumed fifty-three pages of the sixty-page record,—the remaining seven pages included the warrant, the orders in the trial court and instructions. In view of the questions presented these were necessary to a proper consideration of the case on appeal. There is no merit in this contention.

For the reasons herein stated the judgment is *Affirmed.*