## Richmond

RICHARD CARL MOORE, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 0394-91-2

Decided March 24, 1992

COUNSEL

Peter D. Eliades (Eliades and Eliades, on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**ELDER, J.**—Richard Carl Moore, Jr., appellant, appeals from his conviction for violating Code § 46.2-357, operation of a motor vehicle after having been adjudged an habitual offender. On appeal, appellant asserts that previous convictions for reckless driving and for failing to stop and attempting to elude a police officer barred the habitual offender charge on double jeopardy grounds. We affirm the judgment of the trial court.

At about 11:00 p.m. on February 5, 1990, Hopewell City police officers observed appellant operating a motor vehicle in that city. Based on what officers observed, Moore was convicted in the General District Court of the City of Hopewell of two misdemeanors: failure to stop and attempt to elude police, under Code § 46.2-817, and reckless driving, under Code § 46.2-852. Charges of driving under the influence and refusal to take a blood or breath test were nolle prossed. A felony charge of operating a motor vehicle after having been adjudged an habitual offender was certified to the grand jury, which indicted appellant on the charge. Moore did not appeal his misdemeanor convictions.

The trial judge in the circuit court overruled appellant's contention that his misdemeanor driving convictions barred prosecution of the habitual offender charge. At trial, two police officers testified that they had observed appellant operating a motor vehicle in Hopewell. The court found appellant guilty and sentenced him to five years in the penitentiary.

The Commonwealth contends that appellant's claim on appeal that his felony conviction constituted double jeopardy is procedur-

ally barred. The Commonwealth reasons that, although appellant asserted that he had been convicted of two misdemeanors, he never introduced evidence to support this allegation.

■ As was the case in *Low v. Commonwealth*, 11 Va. App. 48, 50, 396 S.E.2d 383, 384 (1990), a fair reading of the trial transcript shows that, in its argument against appellant's special plea of former jeopardy, the Commonwealth conceded that appellant had "been tried" on the prior "crimes."

> So not only is it a situation where we are simply adding one more element such as in this case that he had been declared a habitual offender, *all of the crimes that he has been tried on* require additional elements themselves. They're not even lesser included. They require additional elements themselves. (emphasis added).

These statements may not constitute an express concession of appellant's misdemeanor convictions; however, the clear import of the Commonwealth's position is that had the earlier prosecutions not taken place, it would not have found it necessary to argue that these earlier convictions were not lesser included offenses. Had the earlier proceedings not taken place, the Commonwealth would have had no reason to distinguish them from those at issue on this appeal. "Having conceded the matter before the trial judge, the Commonwealth is bound by its concession and is not entitled to raise this issue for the first time on appeal." *Low*, 11 Va. App. at 51, 396 S.E.2d at 384.[1]

■ In *Grady v. Corbin*, 495 U.S. 508 (1990), the United States Supreme Court held that the traditional *Blockburger* "same element" test constitutes the first step in determining whether double jeopardy bars a subsequent prosecution. *Grady*, 495 U.S. at 516. The test referred to is set out in *Blockburger v. United States*, 284 U.S. 299 (1932):

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the

---

[1] The Commonwealth also argues that appellant's felony trial was not a successive prosecution. As is the case with the Commonwealth's contention that appellant never established the prior misdemeanor convictions, the Commonwealth in effect conceded that the felony prosecution was a successive prosecution when it attempted to distinguish under *Grady* the felony from the misdemeanor trial.

test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Id.* at 304. In the present case, each of the charges at issue requires proof of a fact the others do not. Driving after having been declared an habitual offender requires proof of appellant's status as an habitual offender and his operation of a motor vehicle after having been so declared. Code § 46.2-357. Reckless driving requires proof that appellant operated a motor vehicle in a manner that endangered others. Code § 46.2-852. Attempting to elude a police officer requires proof that appellant operated a motor vehicle in willful or wanton disregard of signals from a police officer to stop. Code § 46.2-817.

■ If a second prosecution survives the *Blockburger* test, under *Grady* a court must then determine whether the government, "to establish an essential element of an offense charged . . . will prove conduct that constitutes *an offense* for which the defendant has already been prosecuted." *Grady*, 495 U.S. at 521 (emphasis added). Conversely, "if in the course of securing a conviction for one offense the State necessarily has proved the conduct comprising *all of the elements* of another offense not yet prosecuted . . . the double jeopardy clause would bar subsequent prosecution of the component offense." *Id.* at 521 n.11 (emphasis added). Appellant argues that his act of driving, proven in the first prosecution, was necessary to establish an essential element of the second prosecution. However true that may be, it is not relevant to the test laid out in *Grady*. In *Grady*, the Supreme Court clearly stated that the conduct proved in the second prosecution must have constituted an *offense* for which appellant has already been prosecuted or proved in the first prosecution *all of the elements* of the second offense.

In *Commonwealth v. Yingling*, 595 A.2d 169 (Pa. Super. Ct. 1991), *appeal denied*, 610 A.2d 45 (Pa. 1992), the court found that a subsequent prosecution for driving under the influence of alcohol after a conviction for underage consumption of alcohol was not barred by *Grady*. In *Yingling*, the court concluded that since the state was not required in the driving under the influence prosecution to prove the conduct that constituted the underage drinking offense, the second prosecution was not barred. *Id.* at

171. Consequently, the state was not proving conduct that constituted the offense for which the defendant had already been prosecuted. *Id.* at 171-72.

In the first prosecution in the case before us, appellant was not charged with the offense of driving. Driving was merely an element of the two misdemeanors for which he was previously convicted. Under the facts of this case, in order for *Grady* to bar the second prosecution, the government would have needed to prove either reckless driving or eluding a police officer as conduct constituting all of the elements of driving after having been declared an habitual offender or an essential element of driving after having been declared an habitual offender. The mere fact that the two prosecutions involved a single, overlapping element of proof is not, in itself, enough to invoke the protections of the double jeopardy clause. For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*

Koontz, C.J., and Bray, J., concurred.