## CIRCUIT COURT OF WARREN COUNTY

Commonwealth of Virginia

v.

William Patrick Spencer

### April 3, 1992

### Case No. 92-M-117

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on the defendant's plea of former jeopardy. Upon consideration whereof and the argument of counsel, the Court makes the following [findings and conclusions].

### I. *Findings of Fact*

Defendant was charged and convicted in the Warren County General District Court for violation of Va. Code § 46.2–707 which prohibits operating a motor vehicle without liability insurance, in Warren County case number T92–4760.

The defendant was concurrently charged with driving while suspended in violation of § 46.2–301 based upon the same general act of driving, and the defendant has filed a Plea of Former Jeopardy to this charge based upon his conviction of driving without insurance.

### II. *Conclusions of Law*

#### 1. *The Purpose*

At the outset of any double jeopardy analysis, it is advisable to consider the purpose of the constitutional double jeopardy prohibition, as was done in *Grady v. Corbin*, 495 U.S. 508, 109 L. Ed. 2d 548, 561–562 (1990):

> The Double Jeopardy Clause embodies three protections: "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution

for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1962) (footnotes omitted). The Blockburger test was developed "in the context of multiple punishments imposed in a single prosecution." *Garrett v. United States*, 471 U.S. 773, 778, 85 L. Ed. 2d 764, 105 S. Ct. 2407 (1985). In that context, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 356, 366, 74 L. Ed. 2d 535, 103 S. Ct. 673 (1983). (Cites omitted). The Blockburger test is simply a "rule of statutory construction," a guide to determining whether the legislature intended multiple punishments. *Hunter, supra* at 366 . . . .

Successive prosecutions, however, whether following acquittals or convictions, raise concerns that extend beyond the possibility of an enhanced sentence . . . .

2. *The "Blockburger Test"*

*Blockburger v. United States*, 284 U.S. 299 (1931). As noted in *Darnell v. Commonwealth*, 12 Va. App. 948, 954 (1991):

The first inquiry is whether *Blockburger* bars the subsequent prosecution. "If application of that test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, the inquiry must cease and the subsequent prosecution is barred." *Id.* at 2090. The Supreme Court of Virginia has stated: "The theft of several articles at one time and the same time constitutes an indivisible offense, and a conviction or acquittal of any one or more of them is a bar to subsequent prosecution for the larceny of the others." *Holly v. Commonwealth*, 113 Va. 769, 772, 75 S.E. 88, 89 (1912). However, "the rule applies only to a case involving multiple larceny prosecutions predicated upon the theft of multiple articles stolen contemporaneously." *Jones v. Commonwealth*, 218 Va. 757, 761, 240 S.E.2d 658, 661 (1978), *cert. denied*, 435 U.S. 909 (1978).

### 3. *The Grady Test*

In *Martin v. Commonwealth*, 242 Va. 1, 5 (1991), the Supreme Court of Virginia discussed the broadened constitutional concept of double jeopardy in light of the Supreme Court of the United States' decision in *Grady v. Corbin*, 495 U.S. 508, 110 S. Ct. 2084, 109 L. Ed. 2d 548 (1990), in the context of a case where the defendant had been convicted of the misdemeanor of obstruction of justice for shoving a police officer and was later charged with attempted capital murder for attempting to shoot another officer in the context of the same arrest. The Virginia Supreme Court noted that the attempted murder charge while arising from the same incident as the obstruction of justice charge "requires proof of a fact which the other does not," ruling on page 5:

> In *Corbin*, the Supreme Court held that, even though the second of two successive prosecutions may not be barred by the test enunciated in *Blockburger v. United States*, 284 U.S. 299 (1932), the second prosecution is barred, "if to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." 495 U.S. at 510, 110 S. Ct. at 2087.
>
> Under *Blockburger*, the second of two prosecutions is not barred if each offense "requires proof of a fact which the other does not." 284 U.S. at 304. The second prosecution involved in this case passes the Blockburger Test. While attempted murder requires proof of an intent to kill, *Epps v. Commonwealth*, 216 Va. 150, 154, 216 S.E.2d 64, 68 (1975), obstruction of justice does not.

In *Darnell v. Commonwealth, supra*, the Virginia Court of Appeals applied the Corbin rule to determine whether the defendant's prior conviction of petit larceny under Va. Code § 18.2–96 barred a later prosecution under § 18.2–192, obtaining a credit card for fraudulent purposes, where the credit card had been in the wallet which had been stolen, and which was the basis of the petty larceny conviction. The Darnell Court noted that while the elements of the two crimes were not the same so the *Blockburger* Test was not met, applying the *Grady* Test, "the same conduct which constituted the substantive petit larceny offense was alleged and proved as essential elements in

the credit card theft prosecution." *Id.* at 326. Therefore, the later prosecution was barred.

The distinction between *Darnell* and *Martin* would appear to be that in *Darnell*, all of the facts of the wallet theft were proved in the prosecution of the credit card fraud, whereas in *Martin*, the fact that Martin had pushed one officer Berry would not have to be proven or even be relevant to Martin's prosecution for attempted capital murder of that same officer, even though it was incident to the same arrest.

### 4. *Statutory Rule*

Va. Code § 19.2–294 is a statutory refinement of the prohibition against multiple punishments for the same crime, and it expressly provides that:

> If the same act be a violation of two or more statutes, or of two or more ordinances, or of one or more statutes and also one or more ordinances, a conviction under one of the statutes or ordinances shall be a bar to a prosecutional proceeding under the other or others.

The application and purpose of this statute was discussed in *Hundley v. Commonwealth*, 193 Va. 449, 452, 69 S.E.2d 336 (1952), and the Supreme Court ruled that this statute:

> [c]ontemplates a *conviction* of an act . . . prohibited by two or more statutes or ordinances. If a defendant is tried and *convicted* under one statute or ordinance for the violation of a prohibited act or offense and a prosecution is later instituted under another statute or ordinance which covers the same act or offense, then the first conviction properly pleaded, would bar the prosecution.

"Code § 19.2–294 speaks to 'acts' of the accused, not elements of the offense." *Wade v. Commonwealth*, 9 Va. App. 359, 365, 388 S.E.2d 277 (1990) (firing of a single shot was held to bar a prosecution of obstruction of justice pursuant to Va. Code § 18.2–460(B) and attempted killing of a police officer pursuant to Va. Code § 18.2–31(F)). *Accord Mason v. Commonwealth*, 217 Va. 321, 228 S.E.2d 683 (1973) (one escape may be punished once although the act of escape violates two statutes with different elements). The prohibition of Virginia Code § 19.2–294 statute applies to both successive

and concurrent prosecutions of multiple offenses because it is intended to bar "multiple punishments for the same offense," and its umbrella of protection appears to be broader than the common law doctrine of double jeopardy. *See, Martin v. Commonwealth*, 242 Va. 1, 8–9.

5. *Successive Versus Concurrent Prosecutions*

The Double Jeopardy Clause also prohibits successive prosecutions for the same crime. However, this is not a case of successive prosecutions, but rather is a case of concurrent prosecutions for warrants issued concurrently like in *Freeman v. Commonwealth*, 14 Va. App. 126 (1992). However, this has no impact on this case because the proscription of Va. Code § 19.2–294 prohibiting multiple punishments for the same criminal act applies to both concurrent and successive criminal prosecutions.

6. *The Same Act*

The most recent case on what constitutes the "same act" for the purpose of Virginia Code § 19.2–294 is *Moore v. Commonwealth*, 14 Va. App. 198 (1992), in which the Court of Appeals held that although the defendant previously had been convicted of misdemeanor charges of reckless driving and failing to stop and attempting to elude a police officer, that these prior convictions did not bar his later prosecution for driving after having been adjudged an habitual offender arising from the same incident. The Court analyzed the facts of each offense, "the act," and noted that each of the charges at issue required proof of fact that the others did not and that driving was merely an incidental element of the two misdemeanors for which he had previously been convicted, and, in ruling, the Court of Appeals noted:

> In the first prosecution in the case before us, appellant was not charged with the *offense of driving. Driving* was merely an element of the two misdemeanors for which he was previously convicted.

The application of § 19.2–294 was not discussed by the *Moore* Court, so presumably its application was not presented in the case. Analyzing *Moore v. Commonwealth* and harmonizing it with *Grady v. Corbin* and Va. Code § 19.2–294, it would appear that the prior misdemeanor convictions of reckless driving and eluding in *Moore*

were not prosecutions based on the general act of driving which was punishable because of the particular status of the defendant, such as *driving* after having been adjudged an habitual offender or *driving* after having been suspended or revoked, but rather were convictions for separate, identifiable "acts" of the defendant which occurred during the general act of driving. This is the same transactional analysis use by the Supreme Court in *Martin v. Commonwealth*, 241 Va. 1, 399 S.E.2d 801 (1991), where several criminal acts were committed in the course of the same arrest of the defendant.

Where the defendant is charged with the general offense of driving in violation of some legal status such as without insurance, or driving without a license, or driving while suspended or revoked, then such a conviction would bar a later conviction or concurrent conviction based on the same general act of driving, although in violation of a different statute with different elements of proof as to legal status of the defendant at the time of the general act of driving. For example, a conviction of driving while under suspended or revoked would bar a later or concurrent conviction for driving without insurance or after having been adjudged an habitual offender. *See, Padgett v. Commonwealth*, 220 Va. 758, 761, 263 S.E.2d 388 (1980) (interpreting Virginia Code § 19.2–294.1) where the Supreme Court stated: "We interpret the language, 'the same act or acts,' to mean 'the same act or acts' *of driving* and to contemplate a continuous, uninterrupted course of driving."

Applying these principles to this case, it would appear that the traffic infractions driving without insurance and the traffic infraction of driving while under suspension or revocation are based upon the same general act of driving, and therefore, they are to the bar of Virginia Code § 19.2–294. *Compare, Estes v. Commonwealth*, 212 Va. 23, 181 S.E.2d 622 (1971) (driving under the influence not barred by concurrent conviction of driving while suspended or vice versa); and *Hundley v. Commonwealth*, 193 Va. 449, 69 S.E.2d 336 (1952) (reckless driving and driving under the influence not barred by § 19.2–294, although now barred by later passage of § 19.2–294.1).

Reconciling all of these decisions and Virginia Code § 19.2–294 is intellectually taxing, and the correct application of these principles would appear to be in a state of flux. *See, Lash v. County of Henrico*, 13 Va. App. 251 (1991) *pending rehearing en banc*.

### III. *Decision*

For the foregoing reasons, the plea of former jeopardy is sustained in this case.