[No. 12126-7-III.   Division Three.   June 8, 1993.]

THE STATE OF WASHINGTON, *Appellant,* v. ARTHUR W.
WATKINS, *Respondent.*

*John R. Knodell, Prosecuting Attorney,* and *Jerald R. Hamley, Deputy,* for appellant.

*Raymond G. Alexander* and *Hart & Winfree,* for respondent.

THOMPSON, J. — The State appeals the superior court order which dismissed the charge of attempting to elude a pursuing police vehicle against Arthur Watkins. The State contends the court erred when it determined the charge placed Mr. Watkins in double jeopardy, based upon the fact Mr. Watkins earlier pleaded guilty in district court to driving while intoxicated. The DWI charge arose out of the same incident as the attempting to elude charge. We reverse.

The incident forming the basis of these charges is documented in the police report, which the State supplied Mr. Watkins in response to his omnibus request for a bill of particulars. In that report, Trooper Michael Garland of the Washington State Patrol states that at about 8 p.m. on June 22, 1991, he observed Mr. Watkins driving at a high rate of speed in a Ford Bronco. Trooper Garland signaled Mr. Watkins to stop by turning on the overhead lights on his police car. Mr. Watkins continued without slowing, turned onto a gravel road, and proceeded for several miles at speeds up to 80 m.p.h. At one point, Mr. Watkins stopped his vehicle, raised his hands, and stated "I surrender", but then drove away. He stopped again and told Trooper Garland to leave him alone. When he stopped a third time, Trooper Garland got within 5 to 6 feet of Mr. Watkins and his vehicle and could smell alcohol. Finally, Mr. Watkins pulled into a parking lot and exited his vehicle. Trooper Garland described him as

> highly intoxicated, eyes watery, bloodshot, speech slurred, [with a] sack of beer on console, swaying, unsteady on feet, stated he had a bad day, . . . [He] wanted to drink a beer while we talked . . ..

Trooper Garland arrested him and transported him to the Othello Police Department where he refused a Breathalyzer. Mr. Watkins was subsequently charged in district court with driving while intoxicated, a violation of RCW 46.61.502.

The State also charged Mr. Watkins by information in superior court with attempting to elude a pursuing police

vehicle, a violation of RCW 46.61.024 and a class C felony.[1] On October 18, 1991, Mr. Watkins moved to dismiss this charge based on double jeopardy. His counsel attested both charges arose out of the same incident and that on October 2, 1991, Mr. Watkins had pleaded guilty to driving while intoxicated.

The court granted the motion to dismiss. It reasoned:

> Watkins was arrested and charged with ELUDING following a car chase on June 22, 1991. When apprehended the police suspected that the defendant was intoxicated and also charged him with DWI *related to his driving during the chase.*
> . . .
> . . . [I]t is clear that to obtain a conviction on the pending ELUDING charge the State will have to rely on proof of the defendant['s] erratic driving and attempts to avoid apprehension. The erratic driving was certainly a basis for the DWI conviction. Therefore, the Double Jeopardy clause prohibits the State from proceeding in the instant prosecution.

The double jeopardy clause of the federal constitution provides that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb . . .". U.S. Const. amend. 5. In *Grady v. Corbin,* 495 U.S. 508, 109 L. Ed. 2d 548, 110 S. Ct. 2084 (1990), the United States Supreme Court clarified the double jeopardy analysis in cases in which a defendant is charged with multiple crimes arising out of the same incident.

*Grady* concerned a defendant who crossed a center median while drunk, struck an oncoming vehicle, killed the vehicle's driver and seriously injured its passenger. He was immediately charged with DWI and failing to keep right of the median. He pleaded guilty to these traffic charges, then was indicted 2 months later on charges of reckless manslaughter, vehicular manslaughter, criminally negligent homicide, and third degree reckless assault.

---

[1] Because the charges were brought in different courts, the joinder rule does not apply. *See* CrR 4.3(c)(1), which states: "Two or more offenses are related offenses, for purposes of this rule, if they are within the jurisdiction and venue of the same court and are based on the same conduct."

■ In a 2-part analysis, the Supreme Court held the subsequent prosecution violated the double jeopardy clause. First, the Court applied the traditional test set forth in *Blockburger v. United States*, 284 U.S. 299, 76 L. Ed. 2d 306, 52 S. Ct. 180 (1932): Did the offenses have identical statutory elements or was one a lesser included offense of the other? But a negative answer to this question did not end the inquiry. The Court then looked to see whether, "to establish an essential element of an offense charged in [the second] prosecution, the government will prove *conduct that constitutes an offense for which the defendant has already been prosecuted*". (Italics ours.) *Grady*, at 510, 515-16.

According to the bill of particulars supplied by the prosecutor in *Grady*, the State intended to rely on the facts defendant drove while intoxicated and crossed the median to show he "was aware of and consciously disregarded a substantial and unjustifiable risk of the likelihood of the result which occurred. . . .". Therefore, the court concluded at page 523 that the State had admitted it would prove "the *entirety* of the conduct for which [the defendant] was [previously] convicted . . ." to establish essential elements of the homicide and assault offenses. (Italics ours.) The Court held this successive prosecution violated the double jeopardy clause. *Grady*, at 523.

Our Supreme Court applied the *Grady* test in *State v. Laviollette*, 118 Wn.2d 670, 826 P.2d 684 (1992). There, the defendant pleaded guilty to four counts of third degree theft. He then moved to dismiss a separate information charging him with second degree burglary, arguing that proof of the burglary charge depended on proof he entered the building with the intent to commit the thefts for which he had already pleaded guilty. The trial court refused to dismiss, and found him guilty of second degree burglary. The Supreme Court held this was error:

[I]t is clear that the trial court relied on conduct for which Laviollette had already been prosecuted . . . to establish that [he] had the intent to commit a crime when he entered [the

building]. Therefore, the second prosecution for burglary violates the double jeopardy clause of the federal constitution.

*Laviollette*, at 678-79.

However, *Laviollette*, at 677, made clear that the *Grady* test was not a "same transaction" test. It relied on language in *Grady* that if the State could prove recklessness by relying on conduct other than the prior traffic charges, then the double jeopardy clause would not bar the defendant's subsequent prosecution. For example, if the State could prove the defendant had been driving too fast for conditions, then it would not have to rely on either the DWI or the crossing of the median to prove the recklessness needed to convict him of the homicide and assault charges.

■ In prosecuting Mr. Watkins for eluding, the State will seek to prove he was driving the vehicle.[2] Therefore, Mr. Watkins argues the prosecution for eluding will violate the double jeopardy clause because the State also had to prove he was driving the vehicle to convict him of driving while intoxicated.[3] This argument ignores the reality that *Grady* is more than a "same transaction" test. Rather, *Grady* found a violation of the double jeopardy clause in circumstances in which the State, to support an essential element of the second pros-

---

[2]To convict Mr. Watkins of eluding, the State had to prove he failed to stop at the trooper's signal and drove "in a manner indicating a wanton or wilful disregard for the lives or property of others . . .". RCW 46.61.024 reads:

"Any driver of a motor vehicle who wilfully fails or refuses to immediately bring his vehicle to a stop and who drives his vehicle in a manner indicating a wanton or wilful disregard for the lives or property of others while attempting to elude a pursuing police vehicle, after being given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a class C felony."

[3]To convict Mr. Watkins of DWI, all the State had to prove was that he was driving and, at the time of such driving, he was under the influence of intoxicating liquor. RCW 46.61.502 provides:

"A person is guilty of driving while under the influence of intoxicating liquor or any drug if the person drives a vehicle within this state while:

". . . .

"(3) The person is under the influence of or affected by intoxicating liquor or any drug; . . .[.]"

ecution, sought to prove the "entirety" of the conduct for which the defendant had already been convicted. *Grady*, at 523.

Driving "in a manner indicating a wanton or wilful disregard for the lives or property of others . . ." is an essential element of the offense of attempting to elude. RCW 46.61-.024. But the State need not prove Mr. Watkins was driving *while intoxicated* to establish this element. It can rely upon evidence he operated his vehicle at speeds of up to 80 m.p.h. on a gravel road with Trooper Garland in pursuit. Thus, the second prosecution does not run afoul of the *Grady* test. The Superior Court erred when it dismissed the eluding charge on double jeopardy grounds.[4]

The analysis in *Moore v. Commonwealth*, ___ Va. App. ___, 415 S.E.2d 247 (1992) supports our conclusion. There, the defendant was convicted first of reckless driving and attempting to elude a police officer and, in a subsequent prosecution, for the crime of operating a motor vehicle after having been adjudged a habitual traffic offender. All three convictions were based upon the same incident. On appeal, he asserted his previous convictions barred the operating charge on double jeopardy grounds. He argued in 415 S.E.2d at 249 that his *act of driving*, proved in the first prosecutions, was necessary to establish an essential element of the second prosecution. The court responded:

> However true that may be, it is not relevant to the test laid out in *Grady*. In *Grady*, the Supreme Court clearly stated that the conduct proved in the second prosecution must have constituted an *offense* for which appellant has already been prosecuted . . .
>
> . . . .
>
> In the first prosecution in the case before us, appellant was not charged with the offense of driving. Driving was merely an

---

[4]Mr. Watkins argues that because the police report, submitted as the bill of particulars in the second prosecution, includes evidence of his driving while intoxicated, the State "admitted" it would rely upon that evidence to prove eluding. We disagree. Unlike *Grady*, the State here has always maintained it intended to prove the essential elements of eluding without reference to Mr. Watkins' intoxication.

element of the two misdemeanors for which he was previously convicted. Under the facts of this case, in order for *Grady* to bar the second prosecution, the government would have needed to prove either reckless driving or eluding a police officer as conduct constituting . . . an essential element of driving after having been declared an habitual offender. *The mere fact that the two prosecutions involved a single, overlapping element of proof is not, in itself, enough to invoke the protections of the double jeopardy clause.*

(Italics ours.) *Moore*, 415 S.E.2d at 249-50. *See also State v. Remsing*, 829 S.W.2d 400 (Tex. Ct. App. 1992).

Reversed and remanded for trial.

SHIELDS, C.J., and MUNSON, J., concur.