COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Felton and Senior Judge Hodges
Argued at Chesapeake, Virginia


TIMOTHY RAY BELVIN

                                         MEMORANDUM OPINION* BY
v.    Record No. 2568-01-1       JUDGE WALTER S. FELTON, JR.
                                            OCTOBER 15, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
                William H. Oast, Jr., Judge Designate

            David G. Hubbard (Gregory R. Sheldon;
            Goodwin, Sutton & DuVal, PLC, on brief), for
            appellant.

            Eugene Murphy, Assistant Attorney General
            (Jerry W. Kilgore, Attorney General, on
            brief), for appellee.


     Timothy Belvin was convicted in a bench trial of operating a

motor vehicle after having been declared a habitual offender, in

violation of Code § 46.2-357.  On appeal, he contends that the

trial court committed reversible error by failing to grant his

motion to dismiss pursuant to Code § 19.2-294.  We affirm the

judgment of the trial court.

## I.  BACKGROUND

     On July 13, 2000, Belvin was arrested for driving under the

influence of alcohol, pursuant to Code § 18.2-266, and driving

with a suspended operator's license.  On November 30, 2000, he

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

was convicted of driving under the influence of alcohol.  An order of <u>nolle</u> <u>prosequi</u> was entered with respect to the charge of driving on a suspended operator's license.  Belvin appealed his conviction to the Gloucester County Circuit Court.  However, on February 12, 2001, he withdrew the appeal and the circuit court thereupon affirmed the conviction.

On January 8, 2001, Belvin was indicted on two counts of feloniously operating a motor vehicle after having been declared a habitual offender, in violation of Code §§ 46.2-357 and 46.2-357(B)(2).[1]  Prior to trial, he filed a motion to dismiss, pursuant to Code § 19.2-294, on the theory that he was no longer a habitual offender.  The motion was denied.  On April 24, 2001, Belvin was convicted of feloniously operating a motor vehicle after having been declared a habitual offender, in violation of Code § 46.2-357.  He appeals that conviction.

## II.  ANALYSIS

Belvin contends that the trial court committed reversible error by failing to grant his motion to dismiss, pursuant to Code § 19.2-294.  We disagree.

Code § 19.2-294 states in pertinent part:

> If the same act be a violation of two or
> more statutes . . . conviction under one of

---

[1] Belvin was originally declared a habitual offender in 1989 after multiple DUI and driving on a suspended license convictions.  In 1991 and 1994, he was convicted of operating a motor vehicle as a habitual offender.  In 1998, the Department of Motor Vehicles granted Belvin restricted driving privileges.

-

> such statutes . . . shall be a bar to a
> prosecution or proceeding under the other or
> others.

The purpose of the statute is "to prevent the prosecutorial practices of subjecting an accused to the hazards of vexatious, multiple prosecutions. Code § 19.2-294 prevents a prosecutor from subjecting an accused through successive prosecutions to 'embarrassment, expense and ordeal and compelling him [or her] to live in a continuing state of anxiety and insecurity.'" Hall v. Commonwealth, 14 Va. App. 892, 899, 421 S.E.2d 455, 460 (1992) (quoting Grady v. Corbin, 495 U.S. 508, 518 (1990)) (alteration in the original). "[It] protects against a second prosecution or proceeding for separate statutory offenses based on the same act after there has been a conviction for one offense." Hall, 14 Va. App. at 899, 421 S.E.2d at 461.

Belvin argues that the operation of his motor vehicle was the same act with respect to the November 2000 conviction for driving under the influence of alcohol and the April 2001 conviction for driving after having been declared a habitual offender. Consequently, the habitual offender trial was a successive proceeding as contemplated by Code § 19.2-294, and barred. That interpretation is misplaced. "In determining whether the conduct underlying the convictions is based upon the 'same act,' the particular criminal transaction must be examined to determine whether the acts are the same in terms of time,

-

situs, victim, and the nature of the act itself." Id. at 898, 421 S.E.2d at 459.

The nature of the act involved in the present case is not the same. The Supreme Court has held that, under Code § 19.2-294, "one occasion of driving an automobile may give rise to several acts and offenses that the test of whether there are separate acts sustaining several offenses 'is whether the same evidence is required to sustain them.'" Estes v. Commonwealth, 212 Va. 23, 24, 181 S.E.2d 622, 624 (1971) (per curium) (quoting Hundley v. Commonwealth, 193 Va. 449, 451, 69 S.E.2d 336, 337 (1952)). See also Moore v. Commonwealth, 14 Va. App. 198, 200-02, 415 S.E.2d 247, 249-50 (1992); Treu v. Commonwealth, 12 Va. App. 996, 997-98, 406 S.E.2d 676, 677 (1991). In the present case, the same evidence was not required to sustain both charges. The charge of driving under the influence of alcohol required proof that Belvin drove or operated a motor vehicle with a blood alcohol concentration of 0.08% or more. Code § 18.2-266. Driving after having been declared a habitual offender required proof of Belvin's status as a habitual offender and his operating a motor vehicle after having been so declared. Code § 46.2-357. Since different evidence is required to prove each offense, they are separate acts. See Slater v. Commonwealth, 15 Va. App. 593, 596, 425 S.E.2d 816, 817-18 (1993). The fact that the two prosecutions involved the single, overlapping element of driving a motor vehicle, is not enough to

-

invoke the protection of Code § 19.2-294.  See Moore, 14

Va. App. at 201-02, 415 S.E.2d at 249-50.

The judgment of the trial court is affirmed.

Affirmed.