COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and Kelsey
Argued at Richmond, Virginia


DEANDRE TYDRELL GAY, S/K/A
  DEANDRE TYDNELL GAY
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1430-09-2            CHIEF JUDGE WALTER S. FELTON, JR.
                                                        NOVEMBER 30, 2010
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                              Margaret P. Spencer, Judge

               Susan L. Parrish (Bowen, Champlin, Foreman & Rockecharlie, on
               brief), for appellant.

               Leah A. Darron, Senior Assistant Attorney General (Kenneth T.
               Cuccinelli, II, Attorney General, on brief), for appellee.


        Deandre Tydrell Gay, s/k/a Deandre Tydnell Gay, ("appellant") appeals his convictions for

two charges of distribution of cocaine and two charges of distribution of heroin in violation of Code

§ 18.2-248(C).  He contends the trial court erred in (1) finding the evidence sufficient to sustain his

convictions, (2) not allowing him to cross-examine a Commonwealth's witness, a confidential

informant, about the nature of his prior felony convictions, and (3) refusing to merge indictments

charging distribution of cocaine and distribution of heroin arising out of a single sale.  For the

following reasons, we affirm the judgment of the trial court.

        As the parties are fully conversant with the record in this case, we recite only those facts

and incidents of the proceedings as are necessary to the disposition of this appeal.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

SUFFICIENCY OF THE EVIDENCE

Appellant contends the evidence was not sufficient to support his four convictions. We disagree. "'Under well-settled principles of appellate review, we consider the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below.'" Smallwood v. Commonwealth, 278 Va. 625, 629, 688 S.E.2d 154, 156 (2009) (quoting Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008)). "'We also accord the Commonwealth the benefit of all inferences fairly deducible from the evidence.'" Id. (quoting Riner v. Commonwealth, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004)). "'When reviewing the sufficiency of the evidence to support a conviction, the Court will affirm the judgment unless the judgment is plainly wrong or without evidence to support it.'" Id. (quoting Bolden, 275 Va. at 148, 654 S.E.2d at 586).

At trial, the evidence showed that a paid confidential informant ("Stevens") engaged in a series of "buy-walk" controlled purchases of illegal narcotics for Richmond City Police Detective Brandon Black. On October 9, 2008, Stevens was given $60 and dropped off on 25th Street in the City of Richmond. Stevens purchased three bags of cocaine and provided a description of the seller to Detective Black. Stevens identified appellant as the person who sold the drugs to him.

On October 20, 2008, Detective Black dropped Stevens off at the same location with $160 and instructions to purchase drugs from appellant. Stevens returned to the police vehicle a few minutes later. He gave Detective Black four rocks of cocaine, totaling one gram, and a bag of heroin, totaling 0.049 gram that he had purchased from appellant for $125.

On October 23, 2008, Detective Black again transported Stevens to 25th Street with instructions to buy drugs from appellant. Within six minutes of being dropped off, Stevens

- 2 -

returned and gave Detective Black four bags of heroin, which he had purchased from appellant for $60.

On each of the three occasions that Stevens purchased drugs from appellant, he was outfitted with audio and video recording equipment that recorded the transactions. Detective Wooten monitored the transactions as they occurred through the audio equipment. He also viewed the videos of the transactions at a later time. Detectives Black and Wooten thoroughly searched Stevens before releasing him to make drug purchases from appellant, and again searched him when he returned with the drugs he purchased from appellant.

The trial court admitted the three video clips, as well as still photographs taken from the videos, depicting the drug transactions between Stevens and appellant. Stevens identified appellant as the dealer in the video. Detectives Black and Wooten each testified in depth as to the strict procedures followed for each "buy-walk." Stevens' testimony of his drug purchases from appellant was supported by the testimony of the detectives and the video clips and still photographs of the drug transactions.

The trial court was well aware of the doubts raised regarding Stevens' credibility. Stevens admitted at trial that he became an informant after he was arrested for possessing cocaine and that he was never tried for that offense. He also acknowledged to the trial judge that he regularly used cocaine. He testified that he was paid $100 for each buy and that he had no other income except for disability benefits. The parties stipulated that Stevens had been previously convicted of nine felonies.

"The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). "The conclusions of the fact finder on issues of witness credibility 'may only be disturbed on appeal if

this Court finds that [the witness'] . . . testimony was inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" Moyer v. Commonwealth, 33 Va. App. 8, 28, 531 S.E.2d 580, 590 (2000) (*en banc*) (alteration in original) (quoting Robertson v. Commonwealth, 12 Va. App. 854, 858, 406 S.E.2d 417, 419 (1991)) (internal quotation marks omitted). The record on appeal supports the trial court's finding that the Commonwealth's evidence was competent, not inherently incredible, and sufficient to prove appellant's guilt beyond a reasonable doubt.

### STEVENS' PRIOR FELONY CONVICTIONS

Appellant contends that the trial court erred by not allowing him to cross-examine Stevens about the nature of his prior felony convictions.[1] However, after the trial court rejected appellant's attempt to elicit the nature of Stevens' prior convictions, appellant failed to proffer the evidence which he sought to admit. Consequently, there is no evidence in the record from which we can determine whether the trial court erred in failing to allow appellant to elicit testimony from Stevens regarding the nature of his prior felony convictions. If "'testimony is rejected before it is delivered, an appellate court has no basis for adjudication unless the record reflects a proper proffer.'" Ray v. Commonwealth, 55 Va. App. 647, 649, 688 S.E.2d 879, 880 (2010) (quoting Whittaker v. Commonwealth, 217 Va. 966, 968, 234 S.E.2d 79, 81 (1977)).

Because appellant failed to proffer the nature of Stevens' prior felony convictions to the trial court, we are unable to conclude from the record on appeal that the trial court erred in denying appellant the opportunity to cross-examine Stevens regarding the nature of his prior felony convictions.

---

[1] A trier of fact is "entitled to know the number and nature" of a witness' prior felony convictions. Hummel v. Commonwealth, 217 Va. 548, 550, 231 S.E.2d 216, 217 (1977).

REQUEST TO CONSOLIDATE INDICTMENTS

Appellant further contends the trial court erred in refusing to merge indictment No. CR08-F-6927, distribution of cocaine on October 20, 2008, and indictment No. CR08-F-6928, distribution of heroin on October 20, 2008. He argues that because the drugs were sold in a single transaction and violated Code § 18.2-248(C) and that the sale of heroin and cocaine are punished equally, the trial court erred in merging the two indictments.[2] We disagree.

"It is well settled that two or more distinct and separate offenses may grow out of a single incident or occurrence, warranting the prosecution and punishment of an offender for each." Jones v. Commonwealth, 208 Va. 370, 375, 157 S.E.2d 907, 910 (1967).

> A test of the identity of acts or offenses is whether the same evidence is required to sustain them; if not, then the fact that several charges relate to and grow out of one transaction or occurrence does not make a single act or offense where two separate acts or offenses are defined by statute as in the instant case.

Hundley v. Commonwealth, 193 Va. 449, 451, 69 S.E.2d 336, 337 (1952).

Stevens testified that he bought four baggies of cocaine for $100 on October 20, 2008. He also testified that he purchased one bag of heroin from appellant for $25 during that visit. The Commonwealth obtained two indictments against appellant for the October 20, 2008 transactions. Indictment No. CR08-F-6927 charged appellant with selling "a schedule II controlled substance to-wit: Cocaine" on October 20, 2008. Indictment No. CR08-F-6928 charged appellant with selling "a schedule I controlled substance, to-wit: Heroin" on October 20, 2008.

---

[2] For the first time in his brief on appeal, appellant argues that the single larceny doctrine should be applied. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998); see Rule 5A:18.

The record proved that appellant made two separate and distinct sales of different drugs on the same day. One sale involved cocaine, and the other involved heroin. The same evidence is not required to sustain both charges. Hundley, 193 Va. at 451, 69 S.E.2d at 337. Accordingly, we conclude the trial court did not err in refusing to merge the separate indictments charging sales of different drugs into a single indictment.

CONCLUSION

For the foregoing reasons, we hold that the trial court did not err in finding the evidence sufficient to convict appellant of two indictments charging distribution of cocaine and two indictments charging distribution of heroin. We are unable to conclude from the record on appeal that the trial court erred in denying appellant the opportunity to cross-examine Stevens regarding the nature of his prior felony convictions because appellant failed to proffer the nature of Stevens' prior felony convictions to the trial court. Finally, we hold that the trial court did not err in refusing appellant's motion to merge two separate indictments arising out of the October 20, 2008 drug transaction with Stevens, one charging distribution of heroin and one charging distribution of cocaine, into a single indictment charging a single offense for trial. Accordingly, we affirm appellant's convictions.

Affirmed.